344 P.2d 980

Walter Lee CHAMBLEE, through his guardian ad litem, Gertrude Elkins, Plaintiff and Appellant,

v.

John STOCKS and Ray Tibbetts, Defendants and Respondents.

No. 8666.

Supreme Court of Utah.

Oct. 15, 1959.

6. See J. B. & R. E. Walker, Inc., v. Industrial Commission, 1958, 7 Utah 2d 132, 320 P.2d 650.

Dwight L. King, Salt Lake City, for appellant.

Harry Snow, Moab, Frandsen & Keller, Price, for respondents.

HENRIOD, Justice.

Appeal from a jury verdict and judgment of no cause of action in a case where plaintiff sought damages against a sheriff and his deputy for an alleged pummelling administered to plaintiff incident to his arrest. Affirmed with costs to defendants.

Plaintiff urges error in 1) refusal to grant his motion for change of venue and 2) in failing to grant a new trial for variance in the testimony of the sheriff on deposition and at the trial.

As to 1): the motion for change of venue was filed and argued long before trial and was based on an affidavit which, in the words of plaintiff's brief, "set forth * * * the fact that the defendant, John Stocks, was an elected official * * *, that he was a member of one of the oldest families in Moab and Grand County, had many friends in the county, and that *because of his official position, relatives and friends* * * * it would be impossible to have an impartial trial." (Emphasis added.)

Change of venue generally is discretionary [1] and absent a clear abuse thereof a

1. Sec. 78–13–9, Utah Code Annotated, 1953.

trial court's order denying or granting it will not be disturbed. With nothing more than facts reflected in the language quoted above, a trial court would not abuse its discretion, in our opinion, by denying the change. The wisdom of the court's denial here quite clearly was established when the jurors were questioned for cause shortly before they were sworn. At that time, although all knew or knew of the sheriff, and some were acquainted with him, none evinced any disposition to try the case other than fairly, on the evidence, and under instructions of the trial court,— except possibly two prospective jurors,— one of whom, although admitting embarrassment to act as venireman, acknowledged an ability to transcend it,—he being eliminated by plaintiff's peremptory challenge, and the other for cause on motion of defendant. It would not be consonant with our traditional judicial procedure or complimentary to our jury system to deny a man trial by jury of his neighbors because he happened to be an official, and had friends and relatives in the community. Plaintiff at the trial challenged only the one juror for cause and on being asked twice by the trial court if any others were to be challenged for cause, stood mute.

■ As to 2): an examination of the deposition and the subsequent testimony of the sheriff shows no contradictions, but only variance as to matters of detail. At the deposition, apparently taken without formal notice, the sheriff's memory as to details was not the best, and his testimony was punctuated at times by failure to remember. At the trial, many such details were supplied. If the lack of memory at the deposition obviously indicated the sheriff had later fabricated a defense for the trial, such circumstances certainly would have alerted the jury, would have weakened the defendants' whole testimony and defense, and would have inured to the benefit of plaintiff on cross-examination, resulting in a happy, not derogatory, surprise in testing the witness' credibility.

We find no reversible error in this case on either of the grounds urged.

CROCKETT, C. J., and WADE, McDONOUGH and E. R. CALLISTER, JJ., concur.