444 P.2d 57

**UTAH STATE ROAD COMMISSION,**
**Plaintiff and Respondent,**

**v.**

**Joseph Delbert MARRIOTT and Helen H.**
**Marriott, his wife, Defendants**
**and Appellants.**

**No. 11088.**

Supreme Court of Utah.

July 22, 1968.

Glen E. Fuller, Orval C. Harrison, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Salt Lake City, Lynn R. Brown, Sp. Asst. Atty. Gen., Logan, for respondent.

CROCKETT, Chief Justice.

Defendants appeal claiming inadequacy of a jury verdict in a condemnation proceeding in connection with the construction of Interstate Freeway I–15, which awarded them $7500 for .83-acre triangular-shaped piece of land between 26th Street and Pennsylvania Avenue at a five-point intersection in the west part of Ogden.

The defendants contend: that the trial judge made ill-advised remarks and asked

improper questions which tended to disparage their position in seeking just compensation from the State for their land; that he abused his discretion in permitting a view of the premises when there had been substantial change after the land was taken; and that the attorney for the Road Commission was allowed to make an improper argument to the jury, all of which defendants argue so prejudiced their case in the eyes of the jury that they unfairly adopted the lowest value of the land shown in the evidence, the $7500 appraisal put on it by the Road Commission's expert, whereas their own expert testimony indicated that it was worth $35,000.

The principal complaint defendants make about the conduct of the trial judge is that on the voir dire examination of the jurors, in discussing the law of eminent domain, he asked each juror to state how he felt about that law and whether he would have been more or less generous in providing for compensation for the condemnee landowner if he had been a member of the legislature. In candor we must confess our inability to see what difference that would make, or the usefulness of such inquiry. Neither can we see any point in expatiating thereon in this opinion, except to make the following observations: From the total dialogue there does not appear to be anything harmful to the defendants. Any impropriety in such a speculative inquiry is redeemed by the fact that the observations made by the jurors, even those excerpted by the defendants and from which they claim prejudice, impress us as being both sensible and responsible.[1] Moreover, and superseding that discussion, the jurors indicated, as the law requires, that they were willing to accept the law as given them by the court, regardless of what they personally might believe the law is or ought to be.[2] Considering the fact that some allowance must be made for the human factors necessarily involved in a jury trial, and that there is traditionally given to the trial judge considerable latitude of discretion as to manner and form in which he will conduct the voir dire examination to determine the qualifications of jurors,[3] there appears to be noth-

1. The actual statements complained of are:
   " * * * As a taxpayer I don't think any excess payments or grants should be made to the property owner, Taxes are high enough now.
   * * * * * *
   "I think it is a very good law. It would be pretty hard to have growth without it.
   * * * * *

   "I think we all have to give way to progress and sometimes the individual who is giving away to progress doesn't always benefit as he feels he should, but we have to regulate all of those things by law."
2. See People v. Conklin, 175 N.Y. 333, 67 N.E. 624.
3. Rule 47(a) U.R.C.P.; State Bank of Beaver County v. Hollingshead, 82 Utah 416, 25 P.2d 612.

ing in the episode referred to which we would regard as prejudicial error.[4]

The cloak of the reasonable latitude of discretion invested in the trial judge is also ample refutation of the other fears and apprehensions asserted by the defendants concerning the fairness of the trial. It is true that there had been substantial changes and the property partially obliterated by construction after the property was taken. However, the purpose of the jury's inspection was not only to see the property itself, but see the total picture of how it was situated with respect to its surroundings. The jurors were made fully aware of the facts concerning the changes which occurred, and we see nothing unreasonable or unjust in the court permitting them to see this property they were to evaluate.

The statement made by counsel for the Road Commission in his argument to the jury to which the defendants object is:

Now, everyone agrees that the Marriott family is entitled to receive just compensation for this property being acquired by the State Road Commission. On the other hand, it would be unjust to award a windfall at the expense of the public purse. You people are taxpayers, all of us in this courtroom are taxpayers.

It must be torment from the disappointment of loss which causes one to regard that as "an appeal to the passion and prejudice" of a jury.[5] It would be unrealistic in the extreme to believe that jurors are so naive that they do not know that the money to condemn property and construct highways comes from taxes; and that they are taxpayers. We think the safe and proper assumption, necessary in the jury system, is that jurors have average intelligence and knowledge of the ordinary affairs of life, and that they attempt to perform their duties in a conscientious manner, unless something appears to clearly demonstrate to the contrary. We do not believe that the defendants' conjecture to the contrary here is justified merely because the verdict was not in conformity with their desires as to the amount of money they wanted for their property.

The defendants have had what they are entitled to: a full and fair trial by jury and a verdict putting a value on their property which is within the competent credible evidence as to its value. Neither in the alleged errors we have discussed, nor in others assigned which we regard as of lesser consequence, do we see anything which would justify reversing the judgment.

---

4. That we disregard unsubstantial errors see Rule 61, U.R.C.P.; Jensen v. Logan City, 89 Utah 347, 57 P.2d 708; Crellin v. Thomas, 122 Utah 122, 247 P.2d 264.

5. That pleas to elicit sympathy or to arouse passion or prejudice should not be allowed, see Eager v. Willis, 17 Utah 2d 314, 410 P.2d 1003.

Affirmed. Costs to plaintiff (respondent).

TUCKETT, HENRIOD and ELLETT JJ., concur.

CALLISTER, J., concurs in the result.