509 P.2d 821

**C. R. OWENS TRUCKING CORPORATION, Plaintiff and Appellant,**

**v.**

**Harold STEWART, Defendant and Respondent.**

**No. 12988.**

Supreme Court of Utah.

April 26, 1973.

---

1. The Rogue v. Utah Liquor Control Com., 28 Utah 2d 212, 500 P.2d 509.

Carl T. Smith and Stephen W. Farr, of Smith & Farr, Ogden, for plaintiff-appellant.

Daniel A. Alsup, Ogden, for defendant-respondent.

TUCKETT, Justice:

The plaintiff filed this action in the District Court of Millard County for the purpose of recovering for damage to its truck and for the loss of its use. At the conclusion of the trial in that court, the jury returned a verdict of no cause of action. The court entered a judgment on the verdict and thereafter denied the plaintiff's motion for a new trial and its motion for a judgment notwithstanding the verdict.

On July 22, 1971, the vehicle owned by the plaintiff was involved in an accident near Meadow, Millard County, Utah. The plaintiff's vehicle collided with a cow owned by the defendant, which ran into the path of the vehicle. The plaintiff claimed that the defendant was negligent in permitting his animal to be at large upon the highway. The plaintiff is here

seeking a reversal upon two grounds, namely, that the court below erred in denying the plaintiff's motion for a change of place of trial, and in failing to declare a mistrial when insurance coverage was interjected into the trial.

██ Dealing with the problem of the plaintiff's motion to change the place of trial the record discloses that the plaintiff filed its motion well in advance of the time set for trial. The motion was not supported by an evidentiary foundation either by way of affidavits or testimony. While the rule does not require that the motion be supported by affidavits, nevertheless the court below was not obliged to order that the trial be had in another county on the mere assertion by the plaintiff that the defendant would be well known to all members of a jury selected from the inhabitants of Millard County. The record before this court does not reveal a factual foundation on which we might conclude that the trial court erred.[1] It would seem that the plaintiff is relying in part upon the voir dire examination of the jurors by the court. That examination, which is made a part of the record here, indicates that the prospective jurors did have an acquaintance with the defendant, however it is shown that the court was careful to exclude from the panel veniremen who indicated bias or prejudice in favor of the defendant or who indicated a desire to be excused from sitting on the case. At the conclusion of the examination counsel for the plaintiff challenged for cause nine members of the panel on the grounds that they were acquainted with the defendant, and also on the basis that they or their spouses were engaged in raising livestock. The plaintiff's challenges for cause do not fall within the grounds specified in Rule 47(f) U.R.C.P., and the trial court did not abuse its discretion in not removing from the panel the jurors challenged.

██ The plaintiff's other ground for a reversal deals with an incident which occurred during the testimony of a witness called by the plaintiff. We quote from the record as follows:

. . . so we put new bearings in it then we took it [plaintiff's vehicle] up to our shop in Roy and waited. I talked to Mr. Stewart's insurance man and he indicated that he was going to take care of it at the time and—

THE COURT: Just a moment.

MR. ALSUP: Your Honor, I am sorry.

THE COURT: Let me say this to you, Mr. Owens, just answer the questions that are asked of you, don't volunteer.

THE WITNESS: All right.

1. Chamblee v. Stocks, 9 Utah 2d 342, 344 P.2d 980.

MR. ALSUP: There is no insurance involved in this case, Your Honor, may we make that clear?

THE COURT: Well, let me say this to you, members of the jury, you have two statements regarding insurance, you are to disregard both of them. Whether or not there is any insurance in this lawsuit or any lawsuit is of no materiality to the jury, disregard it and you are so instructed. Now you may proceed.

The mere mention of insurance does not in all cases lead to the conclusion that the jury was prejudiced, or likely to be to such an extent that a fair trial could not be had.[2] The interjection of insurance into the trial should be forestalled by counsel and the court wherever and whenever possible. In this case the mention of insurance, undoubtedly by inadvertence, first came from the lips of a witness called by the plaintiff, and it would not appear to us that the remarks of counsel for the defendant were of such a nature as to emphasize in the minds of the jury whether or not the defendant did in fact have insurance. It appears that the admonition of the court to the jury that the two statements regarding insurance should be disregarded by them was adequate to cure the matter.

We do not believe that the court below erred in declining to grant a mistrial. The verdict and judgment of the court below are affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

2. Robinson v. Hreinson, 17 Utah 2d 261, 409 P.2d 121; Young v. Barney, 20 Utah 2d 108, 433 P.2d 846.