In the Matter of the **ESTATE** of James Earl **BACON**, aka James E. Bacon, Deceased,

**Edna Todd, Appellant.**

**No. 14295.**

Supreme Court of Utah.

Nov. 24, 1976.

---

Dwight L. King, Salt Lake City, for appellant.

George E. Mangan, Dennis L. Draney, Mangan, Draney & Mitton, Roosevelt, for respondent.

TAYLOR, District Judge:

Edna Todd, appellant, a niece of the above-named deceased, appeals from an order of the Fourth Judicial District Court dated the 10th day of September, 1975.

Appeal briefs discuss primarily issues which were decided by the trial court on the 22d day of May, 1975, wherein the trial court held an olographic will of the deceased to be valid and appointed George E. Mangan, respondent, as administrator of the above-entitled estate with will annexed.

James Earl Bacon died on October 23, 1973. On November 18, 1974, appellant, a niece of the deceased, filed a petition for appointment of herself as administratrix of the estate of the decedent. At the hearing on the petition the court appointed appellant administratrix of the decedent's estate, however, provided that in the event a last will and testament was filed, said order would be set aside. On January 17, 1975, respondent filed a verified cross petition for the admission of an olographic will to probate. Appellant objected to the petition of respondent. Trial on both petitions was had and on the 23d of April, 1975, the District Court entered a decision admitting the olographic will to probate and appointed respondent as the administrator of the estate with will annexed. An order was signed to that effect on the 22d day of May, 1975, and letters of administration were issued to respondent on the 29th of May, 1975. No appeal was taken from this order. On the 19th of June, 1975, appellant filed objections to the probate of the will and appointment of the respondent as administrator. On the 10th day of September, 1975, the trial court found that the objections were an attempt to raise and relitigate issues which had been ruled upon by the court in its decision dated the 23d day of April, 1975, which was reduced to a final order on the 22d day of May, 1975.

Inasmuch as no timely appeal was taken from the ruling dated the 22d day of May, 1975, the order of the trial court is valid and the olographic will admitted to probate is held to be a valid will and the appointment of the respondent as administrator with will annexed is proper.

The appellant suggests that the appeal herein is timely and the objection

should be heard by reason of the fact that Section 75-3-12 fixes six months after admission of the will to probate for filing objections. This section provides in part:

> Any person who has not contested a will, or who has contested by attorney appointed by the court without his knowledge, may contest the same or the probate thereof at any time within six months after the admission to probate, and not afterward; . . ..

The appellant having objected to the probate of the olographic will in the first place cannot be heard to say that the objections taken were well taken after the decision of the trial court of May 22, 1975. The decision of the trial court should be affirmed.

After the execution of the olographic will the decedent executed the document entitled, "Special Trust of James E. Bacon, a single man." This document was executed on the 10th of July, 1973. Considerable discussion was had both at the trial of this matter and in the briefs of counsel as to the effect of the execution of this trust. An examination of the record reveals that the trial court admitted this trust in evidence, however, solely upon the question as to whether or not the trust revoked the olographic will. The trial court made no finding or decision as to the effect of the Special Trust except by implication. The ruling of the trial court must be held to rule that the Special Trust did not revoke the olographic will. In the course of the trial proceedings, the trial court specifically held that the validity of the trust agreement was not before the court except for the limited purpose above set forth and indicated that a subsequent hearing as to the validity of the trust agreement could be had. Accordingly, this case is remanded for such further proceedings, if any, as may be deemed appropriate.

Affirmed. Costs to respondent.

HENRIOD, C. J., and CROCKETT and MAUGHAN, JJ., concur.

ELLETT, J., concurs in result.