ESTATE of Lester R. THORLEY.

Thomas J. THORLEY, Plaintiff and Appellant,

v.

William R. THORLEY, Defendant and Respondent.

No. 15350.

Supreme Court of Utah.

May 8, 1978.

Rex E. Madsen, of Snow, Christensen & Martineau, Salt Lake City, Michael W. Park, Cedar City, Thomas E. Miller, of Higgs, Fletcher & Mack, San Diego, Cal., for plaintiff and appellant.

Orville Isom, Cedar City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Thomas J. Thorley instituted this action to challenge the validity of the will of his brother, Lester R. Thorley, which another brother, defendant William R. Thorley had offered for probate. From rulings adverse to plaintiff and admitting the will to probate, plaintiff appeals.

Lester was born in Utah and lived in the Cedar City area for most of the first fifty years of his life. He then moved to Southern California where he resided for some thirty years. While living there, in 1964, Lester executed a will leaving his estate to his brother, plaintiff Thomas J. Thorley and another brother, Melvin. In May 1975, decedent moved back to Cedar City, Utah, where he lived the last seven months of his life. While living there he executed the will in contest here, in which he named defendant William R. Thorley beneficiary. Decedent died at Cedar City on December 21, 1975.

On December 29, 1975, William filed a petition for admission of the second will, (the Utah will) to probate and Thomas filed objections alleging that the testator had not been competent to make that will and also that undue influence and fraud had been practiced upon him. On January 6, 1976, Thomas filed a petition for probate of the 1964 will in San Diego, California. Defendant here, William, caused a contest to be filed to that will; and on his motion, the California court entered an order May 7, 1976, staying the California proceedings pending the outcome of this proceeding in the Utah courts.

Subsequent to certain proceedings, the details of which are not essential here, on April 8, 1976, plaintiff filed a motion to dismiss his contest to the Utah will without prejudice, which motion was granted. Six days later, on April 14, upon the presentation of proof of the competency of the testator and the proper execution of the will, an order was entered admitting it to probate.

Plaintiff then waited until October 8, 1976, and filed another objection to the will, making the same allegations as in the first contest. In filing the second contest plaintiff relied on U.C.A.1953, 75–3–12, which provides in part:

> Contests after probate—Limitation of action.—*Any person who has not contested a will,* or who has contested by attorney appointed by the court *without his knowledge,* may contest the same or the probate thereof at any time within six months after the admission to probate, and not afterward . . . . [Emphasis added.]

The emphasized words, referring to "any person who has not contested a will," plainly indicate that the purpose of that statute is to allow a reasonable time for an heir, or other properly interested party, who may not have had an opportunity to contest a will, to appear and do so. But its purpose was not to permit one who has already filed a contest, to dismiss it and then refile within the six month period, and thus engage in a game of hide and seek with the court by saying in effect, now I'm here, and now I'm

not.[1] However, the court and the parties assumed that the second filing was permissible and proceeded on that assumption. Inasmuch as the matter of the plaintiff's standing to contest the will on the ground just discussed was not raised in the lower court, we will not do so here.

Because questions had been raised in each of the dual proceedings as to whether the domicile of decedent Lester Thorley was in Utah or California, William filed in the probate proceeding a petition for an adjudication on that question. A jury trial on that issue was held on May 23, 1977. The jury answered special interrogatories favorable to the defendant's contention: that the decedent had been domiciled in Utah at the time of his death. The court adopted those findings and entered them as his findings of fact and based his conclusions of law thereon. He then discharged that jury and informed the parties that the trial on the merits of the plaintiff's contest of the will would be held on June 28, 1977. Oral notice of that trial date was given to both counsel on approximately June 1 and written notice was given them on June 17.

On June 17th plaintiff filed in this Court what was designated as a Petition for Interlocutory Appeal and for Stay of Proceedings. While this Court does not normally permit arguments on petitions for interlocutory appeal, inasmuch as the petition was in essence a petition for a writ of prohibition, this Court heard oral arguments thereon, and thereafter, on June 27, 1977, denied it.

On June 28, the day set for trial, respective counsel appeared in the district court and plaintiff's counsel asked for a further continuance of two weeks to enable him to produce witnesses. He gave as reasons therefor that he had been waiting for the Utah Supreme Court's decision on the petition to stay proceedings; and for a decision of the district court on his previously made motion for a change of venue. On the basis of the record of delays that had already occurred and the fact that the parties had had adequate notice of the trial setting, the court denied plaintiff's request and stated that the trial would proceed the next day. Plaintiff's counsel then informed the court that he would not be present. In accordance with the court's statement, the following day it afforded the parties an opportunity to present their evidence on the will contest; and based thereon, the court found that the testator had been competent to make a will; that it had been duly executed and again entered its order admitting it to probate.

On this appeal, the only points stated by appellant are: that the district court deprived plaintiff of due process of law and abused its discretion in: (a) failing to grant the requested two week continuance; (b) in refusing to grant change of venue because of the alleged probability of prejudice against plaintiff and in favor of the defendant; and (c) that plaintiff was denied the right of trial by jury because the jury used at the hearing on the question of domicile had been designated as an advisory jury.

■ As to the first point, rule 40(b) of the Utah Rules of Civil Procedure provides that:

> Upon motion of a party, the Court may in its discretion . . . postpone a trial or proceeding upon good cause shown.

On that issue these observations are pertinent in support of the trial court's ruling. In addition to the facts recited above, that there had been numerous continuances of proceedings at the request of the plaintiff, and that he had had 27 days notice to prepare for the trial, plaintiff had taken depositions of all but one of the witnesses he indicated he would call. These facts, considered together with his six-month delay in filing the second contest of the will, and his delay of 20 days before filing the petition with the Supreme Court seeking to stay the proceedings, provide ample basis for the trial court's insistence that the trial should go forward as scheduled. It seems hardly necessary to recite that the trial court must have considerable latitude of

---

. **1.** Cf. *In Re Bacon,* Utah, 556 P.2d 1271.

discretion in such matters in order to carry on its business with reasonable expedition.

The motion for change of venue plaintiff refers to was filed by him after the jury trial on the issue of domicile. The basis stated therefor was that because the defendant had been a lifetime resident and was well known in that area, whereas the plaintiff was an outsider from California, there would be a bias in favor of the defendant. Trial procedure affords an opportunity to question jurors and determine bias or prejudice for any reason; and the trial does not proceed until an impartial jury is obtained. The law is well established that in the interest of enabling the court to efficiently carry on the processes of justice, the question of change of venue rests largely in his judgment and that his ruling thereon will not be upset unless it clearly appears that he abused his discretion.[2] For the rule to be otherwise would place in the hands of litigants a means of effectively sabotaging the proceedings. The allegations of the plaintiff referred to above impress us as nothing more than general apprehensions based upon conjecture; and when considered in the light of the rules just stated we do not see that the trial court abused his discretion in refusing to grant plaintiff's motion for change of venue.

Plaintiff's final point: as to being deprived of trial by jury because the jury used at the trial on the issue of domicile was designated as an "advisory jury" is likewise without merit. No transcript of that trial is brought here and we therefore assume that the proceedings therein were regular and that the determination made was supported by competent and sufficient evidence.[3] It is noted that the plaintiff neither sought intermediate appeal, as permitted by Rule 72(b), U.R.C.P., nor gave notice of a desire to preserve his right to appeal from this interlocutory judgment, as permitted by Rule 73(a). In any event the trial court adopted the findings of fact of the jury as his own and based his conclusions of law and the judgment entered thereon. We do not perceive wherein the plaintiff could be in any way prejudiced by the procedure followed.

On the basis of what has been said herein it is our conclusion that the plaintiff has been afforded ample opportunity to try any issues and to present any evidence he desired to contest this will; and that he has failed to demonstrate that the trial court has abused its discretion or that he has been treated unfairly in any way in these already too long protracted proceedings.

Affirmed. Costs to defendant (respondent).

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

2. *Chamblee v. Stocks & Tibbetts*, 9 Utah 2d 342, 344 P.2d 980.

3. *Sawyers v. Sawyers*, Utah, 558 P.2d 607.