**Bettye S. GOODE, Plaintiff and Appellant,**

v.

**DAYTON DISPOSAL, INC., Defendant and Respondent.**

**No. 19689.**

Supreme Court of Utah.

June 5, 1987.

David S. Kunz, Ogden, for plaintiff and appellant.

Lynn S. Davies, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

Plaintiff sought damages for personal injuries sustained when the automobile she was driving collided with a garbage truck owned by defendant. Plaintiff appeals from a jury verdict which absolved defendant of any negligence and also appeals the denial of her motion for a new trial.

We view the conflicts in the evidence adduced at trial in the light most favorable to the jury verdict.[1] The accident occurred in the parking lot of an apartment complex in Roy, Utah, at about 8:30 a.m. Plaintiff was entering the lot as one of defendant's front-end loading garbage trucks was backing out. The driver found it necessary to back out because of the congestion of parked vehicles.

At the time of the accident, plaintiff's vehicle was moving forward in a position directly behind the truck, out of view of its driver who was backing up with the use of side mirrors. The maximum reverse speed of the truck was two miles per hour. Warning lights and a buzzer were operating on the truck, and two large warning placards on the back of the truck were plainly visible. Plaintiff did not honk her horn or take any evasive action. As a result of the collision, plaintiff sustained back injuries requiring surgery for the excision of a herniated intervertebral disc.

Plaintiff's first point on appeal is that the trial court erred by denying her challenge for cause to one of the panel members, Mrs. Winterton. During the *voir dire* examination, Mrs. Winterton disclosed that she and her husband were also en-

---

1. *Bennion v. LeGrand Johnson Constr. Co.,* 701 P.2d 1078, 1082 (Utah 1985).

gaged in the garbage collection business, and the following colloquy ensued:

MRS. WINTERTON: ... But I feel that I should—shouldn't judge this case because we own a garbage route, to say it that way, and I—maybe I couldn't do justice to it. I want to be fair.

THE COURT: You realize if you are called to—it isn't this company you are involved, it's some other company?

MRS. WINTERTON: No, it's one that we own ourselves.

. . . .

MRS. WINTERTON: I—like I stated before, I—we own a route, and maybe I wouldn't be able to judge it properly.

In response to opposing counsel's question if there was a challenge for cause against Mrs. Winterton, counsel for plaintiff stated: "I wouldn't make a challenge for cause on it. Leave it to the discretion of the Court." Thereupon, a further colloquy ensued:

THE COURT: I want to talk to the juror who owns an interest in the garbage truck. I'd like to know just a little bit more how you feel about this. You realize that this decision has got to be made with the same objectivity as though it were two private automobiles that hit. Tell me a little bit about what it is that makes you possibly not want to try this case?

MRS. WINTERTON: Oh, I just thought that maybe it would be best if I didn't, you know. I thought maybe— maybe you didn't want them to say mistrial. I think I could judge it fairly because the law is the law. And what we find out here, we have to go on that and that's all. But I just thought maybe I'd better tell them that I did—we did have a—own a route.

**2.** Rule 47(f) of the Utah Rules of Civil Procedure mandates that challenges for cause be tried by the court.

**3.** *See Utah State Rd. Comm'n v. Marriott,* 21 Utah 2d 238, 240, 444 P.2d 57, 58 (1968).

**4.** *See C.R. Owens Trucking Corp. v. Stewart,* 29 Utah 2d 353, 355, 509 P.2d 821, 822 (1973); Utah R.Civ.P. 47(f).

THE COURT: The Court will rule that the mere fact she's in a similar business with one of the parties does not disqualify her. . . .

■ The record is thus clear that no challenge for cause was lodged against Mrs. Winterton and that no such issue was tried by the trial court.[2] Instead, in the exercise of its discretion, the trial court conducted further *voir dire* to determine the qualifications of Mrs. Winterton to sit as a juror.[3] In so doing, the trial court did not abuse its discretion by concluding that Mrs. Winterton's pursuit of a business similar to that of defendant did not disqualify her as a juror.[4]

Plaintiff next contends that by rejecting several of her requested instructions, the court failed to submit her theory of the case to the jury. Said instructions recite (1) that one sees what is looked at and hears what is audible; (2) that the operator of a backing vehicle cannot assume the path is clear; (3) that one who backs into another vehicle without seeing it is negligent; (4) that one who backs into another vehicle without looking is negligent; and (5) the law of *respondeat superior.*

■ A party is entitled to have his theory of the case submitted to the jury, and where there is evidence to support a party's theory of the case, it is error for the court to refuse to instruct thereon.[5] However, the jury will be deemed to have been properly instructed when the jury instructions, taken as a whole, adequately set forth the law applicable to the issues to be determined by the jury.[6] The fact that a requested instruction accurately states the relevant law does not require that the instruction be given, provided its substance was included elsewhere in the instructions.[7]

**5.** *Watters v. Query,* 626 P.2d 455, 458 (Utah 1981).

**6.** *Id.* at 458–59.

**7.** *Stratton v. Nielsen,* 25 Utah 2d 124, 126, 477 P.2d 152, 153 (1970).

 In this case, the court properly instructed the jury as to plaintiff's theory of the case. In instruction No. 8, the court specifically advised the jury that one "has a right to assume that another is possessed of normal faculties of sight and hearing and that they will use them in exercising ordinary care...."

The court's instruction No. 6 defined negligence, and instruction No. 7 explained that the amount of caution to be exercised by the ordinary prudent person varies in direct proportion to the danger known to exist in his undertaking. Instructions No. 3 and No. 8 advised the jury on the law applicable to plaintiff's theory that defendant's driver was negligent in backing the truck out of the parking lot and in failing to see plaintiff's vehicle. Moreover, that portion of plaintiff's requested instructions which states that the failure of a driver to know of the presence of a vehicle behind him is negligence constitutes an inaccurate statement of the law.

 Finally, any error committed by the trial court in refusing to give plaintiff's requested instruction on *respondeat superior* was harmless. The record reflects that throughout the trial, the jury was aware that Dayton Disposal, Inc., was the defendant in the action and that Mr. Reed Dayton was present at trial as owner and representative of the defendant company. Also, no contention was advanced at trial that defendant company was not responsible for the acts of its driver. Conclusive of the fact that the jury decided the case on the issue of whether the truck driver was negligent is the special verdict rendered by the jury which answered in the negative the question, "Do you find it proven by a preponderance of the evidence that the defendant truck driver was negligent in backing his vehicle without using reasonable care for the safety of others?" It thus appears without question that the jury was apprised of the disputed issues in the case and rendered its verdict accordingly.

Plaintiff's final point on appeal is that of insufficiency of the evidence, the contention being that the jury's finding of no negligence on the part of defendant's driv-er could only be the result of the fact that the jury was not properly instructed. For the reasons heretofore stated regarding the court's instructions to the jury, we deem this point to be without merit.

Affirmed. Costs to defendant.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.