ARKANSAS ANTHRACITE COAL & LAND COMPANY v. DUNLAP.

Opinion delivered March 1, 1920.

1.  COMPROMISE AND SETTLEMENT — NEW AGREEMENT.—Though a written contract for payment of royalties on coal mined provided for a settlement of disputes by arbitration, the parties could settle a disputed claim by a new verbal agreement without regard to the method of settlement specified in the original contract.

2.  APPEAL AND ERROR — CONFLICTING EVIDENCE.—Where an issue was submitted on conflicting testimony and on an instruction requested by appellants, a verdict against them must be treated as settling the issue.

3.  COMPROMISE AND SETTLEMENT—VERBAL AGREEMENT.—A complete oral agreement to settle a disputed claim arising under written contract binds the parties, even though it was also agreed that it was to be reduced to writing, which was never done.

4.  COMPROMISE AND SETTLEMENT—ORAL AGREEMENT.—Even if the original agreement for payment of royalties was required to be in writing within the statute of frauds, a contract for settlement of a disputed claim under the original agreement was not within such statute.

5.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where there was testimony legally sufficient to establish an issue submitted to the jury, the verdict is conclusive.

6.  COMPROMISE AND SETTLEMENT—EVIDENCE.—In an action to enforce an oral settlement of a disputed claim arising under a written contract, it was competent to prove the making of the settlement.

7.  WITNESSES—CONTRADICTION.—A witness can not be contradicted by proof of contradictory statements, without laying the proper foundation.

8.  EVIDENCE — ADMISSIONS OF AGENT.—Admissions of an agent within the scope or apparent scope of his authority are admissible when made during the continuance of the agency, but not when made after the agency had ceased.

9.  APPEAL AND ERROR—OBJECTION TO EVIDENCE.—An objection to
evidence as an implied admission should be specific.

Appeal from Johnson Circuit Court; *A. B. Priddy,*
Judge; affirmed.

*Paul McKennon* and *James B. McDonough,* for ap-
lants.

1.  It was error to admit as testimony the conver-
sation between Webb Covington and James K. Gear-
hart.  92 Ark. 159; 62 *Id.* 286; 69 *Id.* 648; 21 *Id.* 387.

2.  It was error to admit any evidence in the case,
as no cause of action was stated in the complaint.  Kir-
by's Digest, § § 6096 to 6119; 64 Ark. 510; 44 *Id.* 205; 8
*Id.* 74; 49 *Id.* 277.  The evidence was insufficient to take
the case to a jury.

3. . The court erred in admitting the evidence of
Dunlap to the effect that he dealt with Gearhart as
agent, as he had no authority to make the compromise.

4.  A directed verdict should have been directed for
appellants, as there was no evidence to sustain the verdict.
K. &. C. Dig., § 823, etc., and § 3996.  The property was
real estate and could not be conveyed orally.  The minds
of the parties never met.  135 Ark. 607; 95 *Id.* 155; *Ib.*
421; 90 *Id.* 88; 39 *Id.* 568.

5.  The court erred in its instructions, and the case
was submitted upon an erroneous theory.  The alleged
oral agreement was never consummated.  The instruc-
tions should be based upon the issues raised by the
pleadings.  110 Ark. 188; 52 *Id.* 120; 83 *Id.* 395; 87 *Id.*
243; 89 *Id.* 147; 95 *Id.* 85; 96 *Id.* 206.

6.  The court erred in refusing the instructions
asked by appellants.  See cases *supra.*

*Covington & Grant,* for appellee.

1.  Gearhart and Dunlap compromised and settled
the disputed royalty upon a basis of $1,000.  The jury
has so found, and the evidence justifies the verdict.
Gearhart had authority to bind appellants in the com-
promise settlement.  93 Ark. 600; 31 Cyc. 1661.  The

evidence was competent and the jury were the sole judges of its weight. 50 Ark. 477; 19 *Id.* 121; 23 *Id.* 50; 26 *Id.* 360-362; 45 *Id.* 165; 41 *Id.* 331-343. See also 105 *Id.* 641.

2. It was not error to refuse to direct a verdict, as there was no conflict in the testimony. 103 Ark. 425; 98 *Id.* 388; 82 *Id.* 66; 80 *Id.* 190. The instructions fairly presented the issues to be tried and there was no error. 49 Ark. 235; 12 *Id.* 746; 127 *Id.* 28. The verdict is sustained by the evidence and should not be disturbed.

McCULLOCH, C. J. Appellants' assignors, and the predecessors of appellees, were originally under written contract with each other for the payment by the former to the latter of certain sums as royalties on coal to be mined from lands owned by the latter. The contract provided for a mode of arbitration of differences which might arise with respect to the amount of coal mined from the land. A controversy arose between appellants and appellees as to the amount due for royalties, and appellees instituted this action on the allegations that an oral contract was subsequently entered into between the parties for the settlement of the dispute by the payment of the sum of $1,000 to appellees in full settlement of the disputed claim. Appellants denied that there was any completed agreement for the settlement of the claim, and the case was tried below upon that issue. The trial resulted in a verdict and judgment for appellees.

It is contended that the case should not have been submitted to the jury for the reason that no cause of action was stated in the complaint and none supported by the evidence adduced. The argument is that, since there was originally a written contract between the parties, or their predecessors in title, which not only fixed the rights of the parties, but provided for a method of settlement of disputes, no cause of action was stated or proved, because it was not alleged or proved that the terms of the written contract were complied with by appellees.

The weakness of the argument lies in the assumption that the parties could not change the terms of the original contract by a new agreement, or settle a disputed claim by a new agreement without regard to the method of settlement specified in the original contract. The settlement of the disputed claim constituted a consideration for the agreement, and there was mutuality in the alleged agreement to settle according to the new terms stated.

Again, it is contended that it is shown by the undisputed evidence that the alleged oral agreement was not consummated, but that it was merely a part of negotiations between the parties which were to result, if finally agreed upon, in a written contract. That was, indeed, the contention of the witnesses introduced by appellants in the trial below, but the testimony on that subject was not undisputed. The testimony adduced by appellees tended to show that the terms of the contract of settlement were fully and definitely agreed upon, notwithstanding the fact that the agreement was to be reduced to writing and signed by the parties, and that appellants in preparing the written contract introduced into it new matter not in accordance with the oral agreement which frustrated the effort to reduce the contract to writing. The court submitted this issue to the jury upon an instruction requested by appellants themselves, and the verdict must be treated as settling the issue against the contention of appellants. If, as stated by the witnesses introduced by appellees, there was a completed oral agreement, the parties were bound by it, even though it was to be reduced to writing. *Friedman* v. *Schleuter,* 105 Ark. 580.

Even if the original written agreement with respect to payment of royalties was a matter within the statute of frauds so as to require evidence of the written agreement, the contract for the settlement of the disputed claim was not one within the statute of frauds, and it is not essential to its validity that it should be in writing.

The testimony adduced by appellees tended to show that this agreement for settlement of the disputed claim

was made with Mr. Gearhart, who was at that time the president of appellant corporations and was the active agent of appellants. There was testimony legally sufficient to establish the fact that the contract was entered into by Gearhart as alleged by appellees, that he was the president and agent of appellants, and that it was within the apparent scope of his authority to effect this settlement. That issue was submitted to the jury, and the verdict is decisive.

It is insisted that the court erred in permitting Mr. Covington, one of the appellees, to testify in regard to a conversation with Mr. Gearhart. Covington testified that the oral agreement was made with Gearhart and that its terms were accepted by appellees. This testimony was, of course, competent, as it had a bearing directly upon the main issue in the case whether or not there had been such contract entered into between the parties. He then testified that subsequently he went to Scranton, Pennsylvania, to see about the consummation of the settlement by payment of the sum agreed on, and that Gearhart stated to him that Mr. Denman, his successor, refused to pay the claim for the reason that appellants were not liable. Objection was interposed to this testimony.

It was not proper to admit this testimony for the purpose of contradicting Gearhart without laying the proper foundation, nor was it competent to prove the statement of Gearhart made subsequent to the transactions in which Gearhart was the active agent of appellants. If the transaction was within the scope, or apparent scope, of Gearhart's authority, then appellants were bound by it, but they were not bound by his subsequent admissions concerning the transaction. However, it does not appear that this testimony was introduced for the purpose of proving an admission on the part of Gearhart that appellants had entered into the contract as claimed by appellees. Mr. Covington was merely completing his narrative concerning the transactions between the parties by stating that after the contract had been

entered into he went to Scranton for the purpose of securing payment of the amount agreed on, but that payment was refused on the ground that Mr. Denman had denied liability on the part of appellants.  This testimony did not constitute an express admission on the part of Gearhart that he had previously entered into the contract, and if appellants' counsel feared that the jury might interpret the statement as an implied admission on the part of Gearhart, attention to this should have been called to the court by a specific objection.  It is too late now to condemn the ruling of the court on the ground that the testimony of Covington with respect to Gearhart's statement constituted an admission on Gearhart's part that the contract had been previously entered into and was incompetent on that account.

We find that there was sufficient evidence in the record to sustain the verdict, and that the issues were properly submitted to the jury.

Judgment affirmed.