**Archie Clarence PACE, Plaintiff and Respondent,**

v.

**Larry C. PACE et al., Defendants and Appellant.**

**No. 14542.**

Supreme Court of Utah.

Jan. 21, 1977.

Sidney G. Baucom, Thomas W. Forsgren, Salt Lake City, for appellant.

Elliott Lee Pratt, Salt Lake City, for defendants Pace.

Ray G. Martineau, Salt Lake City, for Kamas St. Bank.

J. Harold Call, Heber City, for respondent.

WILKINS, Justice:

This action was commenced as a mortgage foreclosure suit by Plaintiff Archie Clarence Pace (herein Plaintiff Pace) against Defendant Brookfield Products, Inc. (herein Defendant Brookfield) and others including Defendants Larry C. Pace and Sharee F. Pace, Plaintiff Pace's son and daughter-in-law, respectively (herein Defendants Pace). Plaintiff Pace claimed that Defendants Pace had defaulted on a promissory note and mortgage on property executed in favor of Plaintiff Pace who joined in this action, among others, Defendant Brookfield as the second mortgagee on said property. Defendant Brookfield coun-

ter claimed against Plaintiff Pace alleging that said plaintiff had acquired from said defendant, on an open account, certain merchandise and has owed thereon the sum of $15,434.45 since March 1, 1973. Plaintiff Pace asserted in his answer to this counterclaim the defense of accord and satisfaction.

The Plaintiff Pace on the basis of the pleadings, answers to interrogatories and requests for admission on file brought a motion for summary judgment in the lower court arguing that there was no genuine issue as to any material fact and that Plaintiff Pace was entitled to judgment as a matter of law. The lower court granted judgment in favor of Plaintiff Pace on said counterclaim, which is the only issue before this court on appeal.

Plaintiff Pace contended, through counsel, at the hearing in the lower court on his motion for summary judgment that said plaintiff was originally operating an egg business, which he sold to his son, Larry C. Pace, and at the time of this sale, viz., March 1, 1973, Plaintiff Pace had a balance owing to Defendant Brookfield of $15,-434.45, the basis of subject counterclaim. Said plaintiff's counsel further contended at this hearing that the son operated this business after March 1, 1973, continued to make payments and charges and ". . . this thing went on until the account got up to $29,000 when Brookfield then took the note and mortgage . . ." from said son.[1] Defendant Brookfield's counsel at this hearing contended at the time of this sale there was an outstanding account of approximately $15,000; and that Plaintiff Pace and his son, on several occasions, asked Defendant Brookfield if it would look to the son for responsibility of the account, and said Brookfield ". . . on several occasions advised them that we were not going to accept the substitution of parties and that we would continue to look to plaintiffs (sic) for payment of that original $15,000, and indeed on several occasions continued to make demand for payment of that $15,000. . . . Merely all that happened was that there was another obligor that came

[1] Transcript of Testimony, Page 3, of subject hearing held on March 1, 1976.

into the picture and we were looking to both of them for payment." [2]

In answer to Plaintiff Pace's interrogatories, Defendant Brookfield answered specifically that no payments had been received on this indebtedness of $15,434.45 although demand for payment had been made.

The five requests for admission from Plaintiff Pace and answers thereto by Defendant Brookfield, which said plaintiff considers critical in this matter, are shown below:

1. That the defendant, Brookfield Products, Inc., has in its possession ledger cards or ledger sheets showing charges, payments and balance on the Pace Account.

Admits paragraph 1 of Request for Admissions.

2. That defendant, Brookfield Products, Inc. holds a mortgage with Larry C. Pace and Sharee F. Pace, his wife, as mortgagors, said mortgage given to secure a Promissory Note in the sum of Twenty-Nine Thousand ($29,000) Dollars, said note and mortgage bearing the date of January 31, 1975.

The only reason defendant, Brookfield Products, Inc., took the mortgage from Larry C. Pace and Sharee F. Pace, his wife, was because defendant, Larry C. Pace, advised defendant, Brookfield Products, Inc., he was securing a loan to clear off the balance of the account, which he failed to do; therefore, defendant, Brookfield Products, Inc., felt it was necessary to secure some kind of security to try to force payment of the account.

3. That said note and mortgage for Twenty-Nine Thousand ($29,000) Dollars includes the Fifteen Thousand Four Hundred Thirty-Four and 45/100 ($15,434.45) Dollars which defendant, Brookfield Products, Inc., claims is due them from the plaintiff.

On several occasions, defendant, Larry C. Pace, and plaintiff, Archie Clarence Pace, requested defendant, Brookfield Products, Inc., to give plaintiff, Archie Clarence Pace, a release which defendant, Brookfield Products, Inc., refused to do inasmuch as defendant, Brookfield Products, Inc., knew nothing of the contract between plaintiff, Archie Clarence Pace and defendant, Larry C. Pace.

4. That the ledger cards or sheets show that the balance on the Archie Pace Account as of March 1, 1973, of Fifteen Thousand Four Hundred Thirty-Four and 45/100 ($15,434.45) Dollars was continued in the name of Larry Pace and that the purchases, payments and credits were continued forward from March 1, 1973 the same as they had been prior to March 1, 1973.

See above answer to admission No. 2.

5. That on the theory of first in first out the obligation claimed by defendant Brookfield Products, Inc. has long since been paid and there is nothing due and owing from the plaintiff to defendant Brookfield Products, Inc.

See above answer to admission No. 3.

From an examination of the whole record in this matter including these requests for admission and answers thereto, Defendant Brookfield would not quarrel—nor could it—that it took a promissory note and mortgage bearing the date of January 31, 1975 from Defendants Pace in the sum of $29,-000, that the debt of $15,434.45 was included therein, and the ledger cards of Plaintiff Pace after March 1, 1973 were continued in the name of his son. Plaintiff Pace in essence contends that the answers to these requests, coupled with the failure by Defendant Brookfield to *specifically* deny the matters set forth particularly in requests number 4 and 5 above as required by Rule 36(a), Utah Rules of Civil Procedure, entitle him to a summary judgment.

An analysis of answers to requests number 4 and 5 is required, and especially the statements in request number 4 that the account ". . . was continued in the name of Larry Pace and that the purchases, payments and credits were continued for-

2. Id. at Page 3.

ward from March 1, 1973 the same as they had been prior to March 1, 1973," and in request number 5 "that on the theory of first in first out the obligation . . . has long since been paid . . ." by Plaintiff Pace.

Answers to these last two requests, among others, are not denied with the specificity that Rule 36(a) requires. But, the impact of a nonspecific denial must be measured with the clear denial of payment of this account which appears in·an answer to interrogatories by Defendant Brookfield alluded to above. It therefore appears, assuming the full adoption of Plaintiff Pace's contention of the establishment of admissions against Defendant Brookfield, that at minimum an inconsistency with regard to payment exists as reflected in two modes of discovery, viz., the requests for admission and the interrogatories.

We note that the lower court in this case, under Rule 36(a), supra, may have ordered that this most critical matter of acknowledging payment or nonpayment by Defendant Brookfield be explained by an amended answer to interrogatories or requests for admission in order to determine the true and consistent position of said defendant.

■ But without some resolution, as suggested above or otherwise, of this inconsistency, we believe a factual issue in this case exists on the most basic material fact, viz., was there payment or not. And from this irresolution of a critical material fact, other issues of fact and law arise or may arise. It is well settled that the presence of a material fact disallows the granting of a summary judgment.[3]

It is not the intent of this opinion to suggest *generally* a relaxation of that provision of Rule 36(a), supra, which requires that answers if not properly objected to, be *specifically* denied or reasons stated in detail why the answering party cannot truthfully admit or deny the matter. But, the

mere presence of substantial tension between the answer to an interrogatory and the response to requests for admission should not become the basis for summary relief favoring nonspecific or ambiguous answers being transformed into conclusive admissions when that tension can be removed, in this litigation as mentioned above, without prejudice to the parties and without promoting needlessly legal delays.

■ Further, in this case, Plaintiff Pace's answer to Defendant Brookfield's counterclaim consists of alleging that "defendant's counterclaim has been satisfied and there has been a complete accord and satisfaction between the parties." In order to have an accord and satisfaction there must be a sufficient offer and acceptance.[4] It appears from the record that there was not an offer and acceptance between Plaintiff Pace and Defendant Brookfield and hence no accord and satisfaction. Again from the record it appears that the first time that the theory of "first in, first out obligation" was suggested was in request for admission number 5, without Plaintiff Pace's filing an amended answer at the time of the request or subsequently stating that that theory constituted a new defense.

It is clear from the record, and particularly from the transcript of proceedings below that Plaintiff Pace makes as predicates for summary relief two reasons as follows:

> So, your Honor, for two reasons they have no claim against my client, first on the first in, first out . . . . Secondly they have paid this open account by taking a note and a mortgage and they can't sue for an open account and at the same time hold a note and mortgage from the son in payment of this account.[5]

Plaintiff Pace did not assert as the basis for summary judgment the defense of accord and satisfaction.

It seems that penumbra exists on both sides, i. e., with respect to (1) Plaintiff

---

**3.** Rule 56(c), U.R.C.P., and *Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 395 P.2d 62 (1964).

**4.** Section 1277, Corbin on Contracts; and 1 C.J.S. Accord and Satisfaction, § 3a.

**5.** Transcript, note 1, Pages 3 and 4.

Pace's pleaded defense of accord and satisfaction and then reliance upon new and unpleaded theories in his argument for summary judgment and (2) Defendant Brookfield's nonspecific answers to requests for admission regarding payment in the adjacency of a specific denial of payment in response to an interrogatory. Amendments by both parties should be ordered before trial or other proceedings to insure that unfair surprise does not obtain but that more precise pleading does. And if these amendments are made or opportunity therefor given to the parties, then this action can be resolved.

. . . on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial (or other proceedings) will not operate to his prejudice.[6]

The lower court's decision granting summary judgment to Plaintiff Pace on Defendant Brookfield's counterclaim is reversed and this case is remanded for further proceedings below not inconsistent with this opinion. No costs are awarded.

HENRIOD, C. J., and CROCKETT, J., concur.

ELLETT, J., concurs in the result.

MAUGHAN, Justice (dissenting):

It is my view the opinion as circulated subverts the object of Rule 36(a). For me, there is a distinction between interrogatories and requests for admissions. The purpose of interrogatories is to elicit information; while the objective sought by requests for admissions is to eliminate issues not really in dispute. The signal purpose of Rule 36(a) is to save valuable trial time.[1]

In 4(A) Moore's Federal Practice, Second Edition, page 36–12, the following is illustrative:

Giving a defective answer the automatic effect of an admission may cause un-

fair surprise. . . . Some courts, therefore, have entertained motions to rule on defective answers. They have at times ordered that amended answers be served, when the defects were *technical*, and at other times have declared that the matter was admitted. [Cases cited.] [Emphasis added.]

The rule as revised conforms to the latter practice.[2]

The foregoing comment is directed to the rule, after its 1970 amendment. As such, I take it to mean the revised rule conforms to the practice of declaring a defective answer an admission.

The penultimate paragraph of our Rule 36(a) is permissive, so far as the requesting party is concerned; and discretionary so far as the trial judge is concerned.

Under the facts of the matter at hand, it appears to me the contested answer to Request No. 3 is clearly defective for the reason it is not responsive to the request, because it is evasive and argumentative. In addition, the defect is not a mere technicality.

I think an answering party should not be allowed to defeat the rule by setting up a dichotomy, with a definite negative in an interrogatory, supplemented by an evasive answer to a request; which would appear to create an issue of fact immune to an attack by a motion for summary judgment.

The trial court had before it the interrogatory with its definite negative, the answer to the request with its evasive and ambiguous answer; and the discretion to order the admission or an amended answer. The court chose not to order an amended answer, and took the defective answer as an admission—I think correctly so.

If the request for admission had been difficult of answer or understanding, or a mere technicality; then it seems the court's

---

**6.** 4(A) Moore's Federal Practice, page 36–13.

**1.** *McLaughlin v. Drackett Products Company*, U.S. District Court, D.Mass., September 2, 1975, 20 F.R.Serv.2d 1081.

**2.** Id. p. 36–13.

discretion should have been utilized. Here, however, the request is direct and not difficult to answer; or of such explanation as the rule tolerates—if the answering party has an explanation. It is my view the trial court should be sustained.