**GOLDEN KEY REALTY, INC. and W. Peter Brandley, Plaintiffs and Respondents,**

v.

**P.J. MANTAS, Defendant and Appellant.**

No. 19083.

Supreme Court of Utah.

March 29, 1985.

Douglas T. Hall, Salt Lake City, for defendant and appellant.

David E. West, Salt Lake City, for plaintiffs and respondents.

STEWART, Justice:

The plaintiffs brought this action for an $18,000 real estate commission claimed to be due from the sale of the defendant's property. The defendant answered that the parties had reached an accord and satisfaction for $5,000, and counterclaimed for breach of contract, conspiracy and fraud. A jury found that the parties had reached an accord and satisfaction. Pursuant to this finding, the trial court awarded only $5,000 to the plaintiffs. On a post-trial motion to alter or amend the judgment, the trial court increased the award to $18,000. We reverse the judge's post-trial ruling and reinstate the $5,000 award.

The defendant, P.J. Mantas, owned a used truck parts business in Magna, Utah. In 1981 he decided to sell his business and the real property upon which it was located. On March 4, 1981, the defendant signed an exclusive listing agreement with plaintiff Golden Key Realty. Plaintiff Peter Brandley, a salesman for Golden Key, signed the agreement for Golden Key. The listing agreement obligated Golden Key to "use reasonable efforts" to find a purchaser. In consideration, the defendant granted the exclusive right to sell the property to Golden Key for six months. The defendant agreed to pay a 6% commission if during the listing period the property was sold by either Golden Key or himself. Brandley found three or four buyers for the defendant's property, but for various reasons the defendant did not accept their offers. The defendant independently found a buyer, who purchased the property for $300,000.

A day or two after the closing, the defendant and Brandley negotiated the amount of Brandley's commission. The defendant was dissatisfied with Brandley's performance under the listing agreement because of the number of buyers that Brandley had sent to him and their offers to purchase. Brandley was willing at that time to settle for less than the contract amount of 6% and proposed a 3% commission, or $9,000. The defendant proposed commission figures as low as $3,000. The defendant asserts, and the jury found, that Brandley finally agreed to accept $5,000 in satisfaction of all claims he might have under the contract. The next day the defendant gave Brandley a check for $2,500 and promised $2,500 to follow within 90 days.[1] Brandley took the check and said, "I don't think this is fair, I will have to see my attorney about it." Shortly thereafter, he filed this lawsuit and returned the defendant's check uncashed.

The case was submitted to a jury on special verdict. The jury was instructed

---

1. On the back of the check was a notation stating: "Payment by this check represents 50% of the total commission agreed upon [by] P.J. Mantas and W. Pete Brandley of Golden Key Realty, Inc. Balance due in 90 days[. We] hereby release all liability and claims of property located at 7774 West 2400 South, Magna, Utah 84044."

that "if you find that defendant's offer to pay $5,000 to the plaintiff in full satisfaction of any claim by the plaintiff for a real estate commission was accepted by the plaintiff then you may find that there was an accord and satisfaction discharging any original obligation owed by the defendant to the plaintiff." Based on this and two other instructions, the jury answered "yes" to the question "Did the parties ever consummate an accord and satisfaction or settlement of their dispute?"[2] On appeal, the plaintiff does not challenge the sufficiency of the evidence to support the jury's finding that an accord was reached, nor does he challenge the validity of the jury instructions.

In accordance with the jury's finding, the judge entered judgment against the defendant in the amount of $5,000. The plaintiffs filed a post-trial motion denominated a motion to alter or amend the judgment, see Rule 59(e), Utah R.Civ.P., and moved to increase the amount of the judgment to $18,000. From the parties' briefs and the statements of counsel at oral argument, it appears that the basis of the plaintiffs' motion was that the accord and satisfaction was void because it constituted an oral modification of the written listing agreement. The trial court granted the plaintiffs' motion to alter or amend, and it is from this ruling that the defendant appeals. The defendant argues on this appeal that the trial court erred in ruling that the accord and satisfaction fell within the statute of frauds.

## I.

■ U.C.A., 1953, § 25–5–4, requires an agreement authorizing a broker to sell real estate to be in writing.[3] The rule is well settled in Utah that if an original agreement is within the statute of frauds, a subsequent agreement which modifies the original written agreement must also satisfy the requirements of the statute of frauds to be enforceable. *Zion's Properties, Inc. v. Holt*, Utah, 538 P.2d 1319, 1322 (1975); *Coombs v. Ouzounian*, 24 Utah 2d 39, 41–42, 465 P.2d 356, 358 & n. 4 (1970); *Bamberger Co. v. Certified Productions*, 88 Utah 194, 199, 48 P.2d 489, 491 (1935); *Combined Metals, Inc. v. Bastian*, 71 Utah 535, 569, 267 P. 1020, 1032 (1928).

■ The present case, however, does not deal with modification of the listing agreement. An accord and satisfaction arises when the parties to a contract agree that a different performance, to be made in substitution of the performance originally agreed upon, will discharge the obligation created under the original agreement. *Sugarhouse Finance Co. v. Anderson*, Utah, 610 P.2d 1369, 1372 (1980). *See United American Life Insurance Co. v. Zion's First National Bank*, Utah, 641 P.2d 158, 160 (1982); *Cannon v. Stevens School of Business, Inc.*, Utah, 560 P.2d 1383, 1386 (1977). The substituted agreement calling for the different performance discharges the obligation created under the original agreement. The elements essential to contracts generally must be present in a contract of accord and satisfaction, including offer and acceptance, competent parties, and consideration. *Sugarhouse Finance Co. v. Anderson*, Utah, 610 P.2d 1369, 1372 (1980); *Pace v. Pace*, Utah, 559 P.2d 964, 967 (1977); *Ralph A. Badger & Co. v. Fidelity Building & Loan Ass'n.*, 94 Utah 97, 112, 75 P.2d 669, 676 (1938).

■ An accord and satisfaction need not be in writing even if the original contract was within the statute of frauds, *Arkansas Anthracite Coal & Land Co. v. Dunlap*, 142 Ark. 358, 218 S.W. 839, 841 (1920); *Moore v. Lewis*, 51 Ill.App.3d 388, 9 Ill.Dec.

---

**2.** The jury also found that Brandley had not failed to use reasonable efforts to procure a purchaser.

**3.** That section states:

In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, is in writing subscribed by the party to be charged therewith:

. . . . . .

(5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation.

337, 366 N.E.2d 594 (1977), unless the accord and satisfaction is itself a type of contract that is within the statute of frauds. 2 *Corbin on Contracts* §§ 301, 302, 304 (1950). *See Restatement (Second) of Contracts* section 149 (1980); 15A Am. Jur.2d *Compromise and Settlement* § 10 (1976).

■ The plaintiffs argue that the trial court's ruling can be upheld on other grounds. First, they argue that there was no consideration for the accord and satisfaction because the amount due was liquidated and undisputed. As a general rule, a creditor who agrees to accept a lesser amount than is due is not bound by his agreement, because of lack of consideration. *Tates Inc. v. Little America Refining Co.*, Utah, 535 P.2d 1228, 1229 (1975). However, where there is a bona fide dispute as to the amount due, sufficient consideration exists. *Id.* at 1230; *Ralph A. Badger & Co. v. Fidelity Building & Loan Ass'n*, 94 Utah 97, 75 P.2d 669, 676 (1938). It is not necessary for the dispute to be well-founded, so long as it is in good faith. *Ashton v. Skeen*, 85 Utah 489, 39 P.2d 1073, 1076 (1935).

In this case, the appellant has not argued on appeal that the jury was improperly instructed as to accord and satisfaction, nor did the motion to alter or amend attack the sufficiency of the evidence with respect to the jury's finding of an accord and satisfaction. Therefore, the jury's finding of an accord and satisfaction necessarily must be deemed to have also found the existence of a bona fide dispute, the settlement of which constituted a valid consideration. *Cannon v. Stevens School of Business, Inc.*, Utah, 560 P.2d 1383, 1386 (1977). Indeed, the plaintiffs did not object to the jury instructions on accord and satisfaction in the trial court or properly attack the sufficiency of the evidence as to consideration.

The plaintiffs also argue that the accord is not enforceable because the $5,000 was never paid. Their argument is that except

where the new agreement itself is accepted as satisfaction, a mere executory accord, without satisfaction, does not bar enforcement of the original claim.

■ An executory accord is an agreement that an existing claim shall be discharged in the future by the rendition of a substituted performance. If agreed to, it does not discharge the existing claim, but rather the existing claim is discharged by the substituted performance. *Bradshaw v. Burningham*, Utah, 671 P.2d 196, 198 (1983). If there is a failure to perform the executory accord, the creditor may elect to proceed either on the original claim or the accord. *Id.*; *L & A Drywall, Inc. v. Whitmore Construction Co.*, Utah, 608 P.2d 626, 629 (1980). On the other hand, parties may agree that the accord is itself accepted as satisfaction of all rights under the former contract. 15 S. Williston, *The Law of Contracts*, section 1846 (1972). Whether the new agreement is an executory accord or whether the accord is itself accepted as satisfaction depends on the intention of the parties. *Bradshaw v. Burningham*, 671 P.2d at 198.[4]

■ Since it does not appear that the plaintiffs objected to the jury instructions, we presume that the jury was correctly instructed. Thus, Brandley's rights under the original contract were irrelevant because the accord or compromise was itself a satisfaction of the old right. The jury found that the parties had consummated an accord and satisfaction, pursuant to an instruction that if they found plaintiff accepted the proposed agreement they might find "there was an accord and satisfaction discharging any original obligation owed by the defendant to the plaintiff."

## II.

■ The defendant argues that the trial court erred by failing to submit to the jury the issues of breach of contract, conspiracy, and fraud which were raised in the

4. Where the new agreement is oral, the question is primarily one of fact for the jury. 6 *Corbin on Contracts*, § 1293. *See* J. Calamari & J. Perillo, *The Law of Contracts*, § 21–6 (2d ed. 1977).

defendant's counterclaim. However, the defendant does not cite to the record to show that he introduced evidence to support his counterclaim. The rules of appellate procedure require that parties cite to the record when factual assertions are made. Utah R.Civ.P. 75(p)(2); *State v. Tucker*, Utah, 657 P.2d 755 (1982). It is improper to make blanket assertions of fact and leave it to this Court to ferret out evidence from the record to support those assertions. *Lake Shore Motor Coach Lines v. Bennett*, 8 Utah 2d 293, 333 P.2d 1061, 1064 (1958). We therefore do not address the defendant's argument.

### III.

In their motion to alter or amend judgment, the plaintiffs sought prejudgment interest, attorneys fees and costs, which the trial court denied. The plaintiffs cross-appealed from the trial court's denial. They argue that attorney's fees and costs should have been awarded because the listing agreement provided for them. Attorney's fees are awardable only if provided for by statute or contract. Since the plaintiffs have not prevailed in enforcing the listing agreement and since there was no provision in the accord and satisfaction for attorney's fees, they are not entitled to recover them.

Plaintiffs are, however, entitled to recover interest. Since the amount due on the accord and satisfaction was liquidated, prejudgment interest should have been awarded. *Jorgensen v. John Clay and Co.*, Utah, 660 P.2d 229, 233 (1983); *Anderson v. State Farm Fire and Casualty Co.*, Utah, 583 P.2d 101 (1978).

Reversed and remanded for modification of the judgment pursuant to this opinion. Costs to appellant.

WE CONCUR:

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.