**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HUA CAI,

     Plaintiff - Appellant,

v.

HUNTSMAN CORPORATION,

     Defendant - Appellee.

No. 19-4116
(D.C. No. 2:18-CV-00968-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

     Hua Cai, appearing pro se, appeals from the district court's entry of judgment on the pleadings in favor of Defendant Huntsman Corporation on his breach-of-contract claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Huntsman Corporation's Chinese subsidiary, Huntsman Chemical Trading (Shanghai) Ltd., employed Cai in Shanghai, China. But Huntsman Corporation was not a party to Cai's employment contract and it never employed Cai.

Huntsman Shanghai and Cai agreed in their contract that Cai's continued employment with the firm would be subject to satisfactory performance during a six-month probationary period. Near the end of Cai's probation, his supervisor at Huntsman Shanghai, Frank Xing, fired him ostensibly for being incompetent. Cai claims that Xing manufactured this pretense to cover-up his real reason for firing Cai—namely, retaliation for Cai's threat to report Xing's abusive conduct and falsification of data.

Cai sued Huntsman Shanghai in China, seeking reinstatement. His action "went through labor arbitration court, trial court, appellate court, superior court, and procuratorate." R. at 7. Cai lost at every step. He also lodged several complaints with Huntsman Corporation's ethics and corporate compliance department. The department investigated Cai's case and allegedly found abnormalities related to the "'faking data' issue" but confirmed that Xing correctly fired Cai. *Id.* at 6.

Cai then brought this suit against Huntsman Corporation. He asserts certain Business Conduct Guidelines published by Huntsman Corporation constitute an enforceable contract between himself and Huntsman Corporation. Cai further avers that Huntsman Corporation breached this contract by failing to conduct an adequate

2

investigation into his complaints and by failing to stop Huntsman Shanghai from using unethical and dishonest tactics to defeat his suit.

The district court granted judgment to Huntsman Corporation on the pleadings under Fed. R. Civ. P. 12(c), concluding that the Business Conduct Guidelines "do not constitute a binding contract." R. at 214.[1]

## II. Discussion

"A decision by the district court granting a defense motion for judgment on the pleadings is reviewed *de novo,* using the same standard of review applicable to a Rule 12(b)(6) motion." *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). "Thus, all the well-pleaded allegations of the complaint are accepted as true and construed in the light most favorable to the plaintiff." *Id.* "[T]o survive judgment on the pleadings, [a plaintiff] must allege 'a claim to relief that is plausible on its face.'" *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To determine whether the claim to relief is 'plausible on its face,' we examine the elements of the particular claim and review whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). In ruling on

---

[1] The district court also found that "[e]ven assuming the Business Conduct Guidelines did constitute a contract between [Cai] and [Huntsman Corporation], [Cai] has failed to show that [Huntsman Corporation] breached those Guidelines." R. at 214. Because we affirm the district court's conclusion that the parties did not form a binding contract, we do not address Cai's arguments related to Huntsman Corporation's alleged breach of contract.

the motion, the court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

We construe Cai's pro se filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## A. The Business Conduct Guidelines Do Not Constitute A Binding Contract

The parties do not contest the district court's application of Utah law to the question of whether they formed a contract.[2] Under Utah law, "formation of a contract [generally] requires an offer, an acceptance, and consideration." *Cea v. Hoffman*, 276 P.3d 1178, 1185 (Utah Ct. App. 2012) (citing *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 732 (Utah 1985)). "For an offer to be one that would create a valid and binding contract, its terms must be definite and unambiguous." *DCM Inv. Corp. v. Pinecrest Inv. Co.*, 34 P.3d 785, 789 (Utah 2001). And "[t]he obligations of

---

[2] Cai alleges Huntsman Corporation maintains its principal place of business in Utah and his complaint cited Utah law in support of his allegation that the "'Business Conduct Guidelines' is a kind of contract between headquarter[s] and I." R. at 6 (citing *Uhrhahn Constr. & Design, Inc. v. Hopkins*, 179 P.3d 808, 813 (Utah Ct. App. 2008)). The district court applied Utah law to reject this allegation. While Cai's opening brief claims generally that the district court applied the wrong law in deciding the case and cites Illinois, Massachusetts, *and* Utah law in support of his argument regarding contract formation, Cai does not explicitly argue that the district court erred by applying Utah law. *Cf. Kelley v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008) ("[P]erfunctory" allegations of error that "fail[] to frame and develop an issue" are insufficient "to invoke appellate review." (internal quotation marks omitted)). And in his reply brief, Cai relies on Utah law to support his claim that Huntsman Corporation contracted directly with him.

4

the parties must be 'set forth with sufficient definiteness that [the contract] can be performed.'" *Cea*, 276 P.3d at 1185 (second alteration in original) (quoting *Ferris v. Jennings*, 595 P.2d 857, 859 (Utah 1979)).

Applying this law, the district court reasoned that "the terms of the Business Conduct Guidelines are far from 'definite and unambiguous.' Rather, the Guidelines speak in aspirational tones about the values of the company and the type of workplace they seek to establish." R. at 214. It further observed that "the Guidelines do not provide the basis for determining the existence of a breach or for giving the appropriate remedy." *Id.* It therefore concluded that the Business Conduct Guidelines "do not constitute a binding contract." *Id.*

Cai argues that "Utah Law only requires offer, acceptance and consideration to be definite and unambiguous." Aplt. Reply Br. at 4. And he claims that "[t]he terms of [the Business Conduct Guidelines] are clear and definite enough to form a contract." *Id.* at 1 (boldface omitted). But while he points to various statements in the Guidelines outlining Huntsman Corporation's policies on reporting alleged violations, retaliation for such reporting, and discipline for violating the Guidelines, Cai does not grapple with the district court's reasoning that the Guidelines were too nebulous to constitute a binding contract. Indeed, Cai does not point to any language in the Guidelines that evinces an offer, acceptance, or exchange of consideration.

Cai also notes that an employee handbook can constitute a contract. But the unpublished Utah case he cites holds that the type of contract created is an employment contract and that the employee's continued employment constitutes

5

acceptance of the employer's offer and supplies the consideration. *See First Am. Title Ins. v. Nw. Title Ins. Agency*, No. 2:15-CV-00229-DN, 2016 WL 6902473, at *22 (D. Utah Nov. 23, 2016) ("'An employee manual may create a unilateral contract.' . . . '[T]he employee's retention of employment constitutes acceptance of the offer of a unilateral contract; by continuing to stay on the job, although free to leave, the employment supplies the necessary consideration for the offer.'" (quoting *Reynolds v. Gentry Fin. Corp. & Royal Mgmt.*, 368 P.3d 96, 100 (Utah Ct. App. 2016)). Cai concedes the Business Conduct Guidelines do not form an employment contract and does not claim Huntsman Corporation ever employed him. We therefore conclude the employee handbook cases have no relevance here.

We affirm the district court's conclusion that the Business Conduct Guidelines do not constitute a binding contract between Cai and Huntsman Corporation.

**B. The District Court Did Not Err By Considering Huntsman Corporation's Argument**

Cai also asserts that the district court erred by considering Huntsman Corporation's argument that the Business Conduct Guidelines do not constitute a binding contract because Huntsman first asserted this argument in its reply in support of its motion for judgment on the pleadings. *Cf.* D. Utah Civ. R. 7-1(b)(2)(A) ("Reply memoranda . . . must be limited to rebuttal of matters raised in the memorandum in opposition.").

Huntsman Corporation argued in its motion for judgment on the pleadings that it "is not—and has never been—a party to any contract with [Cai]." R. at 35. In

response, Cai clarified his position that "the contract [Huntsman Corporation] breached is . . . named 'Business Conduct Guidelines[,]' . . . made between [Cai] and . . . Huntsman Corporation." *Id.* at 90. Huntsman Corporation then argued in reply that "the Business Conduct Guidelines alone are nowhere near sufficiently definite to form an offer that would constitute a binding contract." *Id.* at 155. Huntsman Corporation's reply directly rebutted the contention from Cai's opposition brief that the Business Conduct Guidelines constituted a binding contract between Huntsman Corporation and himself. The district court did not err by considering this rebuttal argument.

## C. Cai's Remaining Arguments Lack Merit

Cai contends that Huntsman Corporation mischaracterized his complaint in its filings with the district court by construing his claims as breach-of-contract claims against Huntsman Shanghai. He then argues that the district court accepted this alleged ruse and failed to consider his "actual allegation . . . that [Huntsman Corporation] breached [the Business Conduct Guidelines]." Aplt. Opening Br. at 7. We reject this frivolous argument since the district court squarely addressed Cai's assertion that Huntsman Corporation formed a contract with him and then breached that contract.

Cai also avers the district court erred by stating that his employment contract with Huntsman Shanghai "incorporated Defendant Huntsman Corporation's Business Conduct Guidelines." R. at 211. The district court's view tracks closely with Cai's own allegation in the complaint that "by signing the employment contract [with

7

Huntsman Shanghai] plaintiff acknowledged [he would] fully abide by the corporate 'Business Conduct Guidelines.'" *Id.* at 5. In any event, the district court's disposition did not relate to its assessment of whether Cai's employment contract incorporated the Business Conduct Guidelines. We therefore will not review this allegation of error. *See, e.g.*, *Orr v. City of Albuquerque*, 417 F.3d 1144, 1154 (10th Cir. 2005) (observing that the court "will not address [an] issue [that] has no bearing on the ultimate outcome of [the] case").

### III.  Conclusion

We affirm the district court's dismissal of Cai's breach-of-contract claim against Huntsman Corporation.

Entered for the Court

Gregory A. Phillips
Circuit Judge