410 P.2d 1003

Thomas EAGER, Plaintiff and Respondent,

v.

Michael WILLIS, by and through his Guardian ad litem, Charles Willis, and Charles Willis, Defendants and Appellants.

No. 10335.

Supreme Court of Utah.

Feb. 11, 1966.

9. See Wheat v. Denver & R. G. W. R. Co., 122 Utah 418, 250 P.2d 982.

**316**

Raymond M. Berry, Salt Lake City, for appellants.

Pickett & Pickett, St. George, for respondent.

McDONOUGH, Justice:

This is an action for personal injuries arising out of a pedestrian automobile collision. On a jury verdict the lower court entered a judgment in favor of the plaintiff, pedestrian, and against the defendant for the sum of $10,000. On appeal the defendant contends that the trial court erred prejudicially in its charge to the jury.

The accident in question occurred on April 8, 1964, at about 8:25 a. m., at the intersection of 300 West and Highway 91 in St. George, Utah. Highway 91 is marked for four lane traffic with a double yellow line separating east and west bound traffic. There are crosswalks across Highway 91, approximately 10 feet wide, on the east and west sides of 300 West.

At the time of the accident the plaintiff was acting as a traffic guard policeman and the defendant, Willis, was driv-

ing an automobile east on Highway 91 on the inside eastbound traffic lane on his way to Dixie College where he was a student.

Plaintiff had arrived at work and had turned on the light in the school crossing sign facing eastbound traffic. Upon reaching the northeast corner of the intersection, Mr. Eager saw a little girl waiting to cross, so he took her hand to cross by walking south across 91 in the east crosswalk at 300 West.

When Mr. Eager started to cross the highway, the only traffic he noticed approaching was the vehicle driven by Mr. Willis. As he approached the center of the street he motioned with both hands for the defendant to stop, and in so doing he let loose of Jane Cannon's hand. As he kept waving to Mr. Willis, he observed that he was not seen by him, and at that moment he noticed Jane Cannon had continued to walk southward across the street. He made an abrupt movement, jumping out to reach her; but before he could return to the north side of the center of the street the accident occurred. During this time the defendant, upon reaching the west crosswalk of the said intersection, saw a friend on the north side of the street to whom he nodded his head and waved his hand. Defendant did not see the plaintiff until he looked back in an easterly direction, which

was only a moment before the accident occurred.

Counsel for both parties stipulated that the fair and reasonable value of the medical services, including doctor and hospital, was $252.70. Plaintiff alleged that because of the injuries sustained in the accident he could not enjoy the activities in which he had participated before the accident; fishing, hunting and pine-nut gathering. Dr. Ruesch, who treated plaintiff, testified that the plaintiff was suffering from post-traumatic arthritis.

The question here involved is whether the case was presented to the jury in such a manner that it is reasonable to believe that the parties had an opportunity to present their evidence and have a fair and impartial trial by the court and jury. If that result has been accomplished irregularities or minor errors should be disregarded. Reversal of a judgment is justified only when there is some error of such a substantial nature that there is a likelihood that the result would have been different in its absence.[1]

The defendant contends that Instruction No. 1 removed the plaintiff's burden of proving negligence on the part of the defendant. The portion of the instruction objected to reads:

" * * * The defendant has admitted the accident, but denies the

1. See Ivie v. Richardson, 9 Utah 2d 5, 336 P.2d 781 (1959).

plaintiff's claimed injuries and affirmatively alleges that the accident was solely caused or proximately contributed to by the plaintiff's own negligence."

The court further instructed the jury in Instruction No. 4:

"* * * If the evidence does not preponderate in favor of the plaintiff, making the charge of negligence, then he had failed to fulfill his burden of proof and your findings must be against him on that issue * * *."

By reading these instructions together, we cannot see how any prejudice was committed by the court in giving Instruction No. 1 inasmuch as Instruction No. 4 properly explained the burden which it was necessary for the plaintiff to meet.

The defendant next contends that Instructions No. 15 and No. 17 effectively directed negligence against him, although the court did not rule as a matter of law that he was negligent. Instruction No. 15 reads:

"The driver of a motor vehicle has the duty to observe and comply with the lawful order and direction of any police officer invested by law with the authority to direct, control, and regulate traffic."

Instruction No. 17 is as follows:

"It is the duty of the driver of an automobile to yield the right of way to a pedestrian crossing the roadway within a marked crosswalk. Failure to so yield the right of way to a pedestrian in any such crosswalk constitutes negligence."

We find no merit to this contention. Even though Sec. 41-6-13, U.C.A.1953, speaks in terms of a wilful failure or refusal to comply, which section defendant contends Instruction No. 15 was patterned after, it cannot be doubted that there is in fact a duty to observe and comply with the lawful orders of a police officer as was stated in the instruction.

It is contended that Instruction No. 16 is in conflict with Instructions No. 15 and No. 17 and was thus prejudicial to the defendant. Instruction No. 16 reads:

"The driver of a motor vehicle has the duty to yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger, but no pedestrian shall suddenly leave the curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

Statutes or ordinances giving pedestrians the right of way at street crossings create a preferential but not an absolute right in their favor. Before the duty of a driver to yield the right of way arises he must be in a situation where he is either aware of the presence of a pedestrian within the crosswalk or, in the exercise of reasonable care should have become aware of the pedestrian's presence in time to yield the right of way.[2] Instruction No. 16 was appropriate and we see no error in it. There was evidence that the plaintiff made a sudden movement in front of the defendant's automobile. It is true that a driver of an automobile does have the duty to yield the right of way to a pedestrian crossing the roadway as was stated in Instruction No. 17 which explained when that duty arises. When the instructions are considered together, as they should be, we do not see that they would create any wrong impression with the jury as applied to the circumstances of this case.

The defendant contends that Instruction No. 9 incorrectly allowed the jury to consider the question of whether the defendant was driving too fast for existing conditions—claiming an insufficiency of evidence on which to submit this proposition to the jury as a possible ground of negligence. On this point it

should be kept in mind that the law on speeding in this state is in accord with the instruction: that it must be safe for existing conditions. In that connection it also should be noted that the victims of accidents are often at a disadvantage in proving the speed of the defending vehicle, which in that respect has the advantaged position. The jury is entitled to draw reasonable inferences from all of the facts shown in a situation such as existed here and the instruction given in conformity with the requirements of our statute did not constitute reversible error. Defendant also assigned a number of other errors in regard to the instructions. He contends that in Instruction No. 9 the court instructed the jury that if they found him negligent on the grounds stated they should then determine the damages. This it is contended excised from consideration the question of contributory negligence. The argument is fallacious because the very next Instruction, No. 10, clearly explained that issue and that if the plaintiff was guilty of contributory negligence he would be barred from recovery.

In attempting to overturn the judgment the defendant also assigns error as to the order in which the instructions were given, specifically that after giving Instruction No. 12 with respect to damages additional instructions were given on is-

2. See Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516 (1961); Coombs v. Perry, 2 Utah 2d 381, 275 P.2d 680 (1954).

sues pertaining to liability. We are in accord with the idea that the better practice is to give the instructions on related issues together and that the usual practice of instructing on questions as to liability preceding determination of damages is to be preferred. Nevertheless the order of giving the instructions is a matter of choice with the trial court and unless they are so given as to mislead or otherwise improperly influence the jury's consideration of the issues the sequence of the instructions could not constitute reversible error.[3]

■ The final attack upon the judgment is based upon a statement made by plaintiff's counsel in his argument:

"The amounts or the lack of enjoyment of things that he had enjoyed before and cannot do now on account of the injuries sustained by the admitted negligence of the defendant; I feel you're entitled, Gentlemen of the Jury, to figure yourself in somewhat of the situation of * * *.

"MR. BERRY [Defendant's counsel]: I object to this as improper type of argument asking the Jury to consider themselves in the situation of the plaintiff. This is asking for sympathy and passion and is not proper.

"THE COURT: Well, I have already instructed the Jury what counsel says is not evidence. It is merely argument. As to its propriety, I'm uncertain. Go ahead, Mr. Pickett [Plaintiff's counsel]."

■ Insofar as the record discloses that is as far as the matter was pursued. We have no disagreement with the authorities cited to the effect that pleas plainly designed to elicit sympathy or to inspire passion or prejudice should not be allowed.[4] But we do not agree that there was a transgression of that principle here. A full and fair trial by jury was had and no error or irregularity sufficient to justify reversing the verdict and judgment has been shown.[5]

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.

---

3. See statement in Lund v. Mountain Fuel Supply Co., 12 Utah 2d 268, 365 P.2d 633 (1961).
4. See Bullock v. Branch, Fla.App., 130 So. 2d 74 (1961); Russell v. Chicago Rock Island and Pacific Railroad Co., 249 Iowa 664, 86 N.W.2d 843, 70 A.L.R.2d 927

(1957); East Texas Motor Freight Lines v. Sterrett, Tex.Civ.App., 232 S.W.2d 253 (1950); Larson v. Hanson, 207 Wis. 485, 242 N.W. 184 (1932).
5. See statement in Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822 (1961).