448 P.2d 718

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

GENERAL OIL COMPANY, a Utah corporation, Defendant and Respondent.

No. 11178.

Supreme Court of Utah.

Dec. 10, 1968.

was rejected. However, they failed to file suit as provided in 17–15–12, U.C.A. 1953.

■ The property in question is situated adjacent to University Avenue in Provo, Utah. The acquisition of the property was necessitated by the widening and improving of the street as an access to and an exit from Interstate 15 south of Provo. After a change of venue had been granted by the court, the case was tried in the District Court of Salt Lake County. At the conclusion of the proceeding in February, 1967, the jury returned a verdict in favor of the defendant in the sum of $4147.52. The defendant thereafter moved the court for a new trial pursuant to the provision of Rule 59(a) (5) and upon the ground that the verdict was inadequate as a matter of law, against the clear and manifest weight of the evidence, and thus appearing to have been given under the influence of prejudice against the landowner and in favor of the government. And further, under subparagraph (6) of the Rule that the verdict was against the clear and manifest weight of the evidence. Alternatively the defendant moved for an additur to the verdict in the sum of $15,000. In ruling upon the defendant's motion, the court concluded that the verdict of the jury was, as a matter of law, inadequate, and that good cause supports the defendant's motion. As an alternative the court ordered an additur to the verdict in such a sum as would award the defendant the sum of $15,000 for the land taken. The court's order further provided that in the event the State de-

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, S. Rex Lewis, of Howard & Lewis, Provo, for appellant.

Robert S. Campbell, Jr., Stewart M. Hanson, Jr., Salt Lake City, for respondent.

TUCKETT, Justice:

This is an action in eminent domain, brought by the State of Utah to acquire certain land owned by the defendant for highway purposes. The only issue before the court below was the fair market value of the property taken by the State as of March 19, 1964.

clined the additur a new trial would be granted. The State declined to tender or to pay $15,000 and a new trial was had. We need not determine whether or not the court's ruling as to an additur was erroneous inasmuch as that issue has now become moot by the trial de novo.

The State, appellant, here, seek a reversal of the judgment returned after the second trial which resulted in a verdict in favor of the defendant in the sum of $22,050. The State claims that the court erred in granting a new trial, and that during the second trial the court erred in admitting evidence of market values of properties affected by the improvement in question.

■■■■ As to the State's first claim of error the rule in this jurisdiction has always been that a motion for a new trial is addressed to the sound discretion of the trial court. This court will presume that the discretion of the trial court was properly exercised unless the record clearly shows the contrary.[1] The transcript of the evidence and rulings of the court in the first trial was not made part of the record on appeal. Without a record we are unable to say that the court abused its discretion in granting a new trial.

■■■■ The record discloses that the defendant purchased the property in question in 1957 as a possible service station site. The property had a frontage of 360 feet along University Avenue. At the time of purchase the property had been zoned as "agricultural" by Provo City. During the year 1958 the State Road Commission conducted public hearings in the Provo area which were concerned with the planning of Interstate Highway 15. As a result of the public hearings and publicity it became generally known that the Interstate Highway would be constructed within a short distance of the property in question. In 1959 the governing body of Provo City rezoned the subject property and the surrounding area from agricultural to a "special highway service" zone. The new classification permitted only service stations, motels, restaurants and other similar highway services. It is the State's contention that the court erred in permitting evidence of market value which was in fact enhanced by the project itself. It is the State's contention that factors entering into market value, including the sales of comparable property, which have been influenced by the proposed construction, are not relevant in determining what is just compensation for the taking of the defendant's property. The same contention was made by the condemnor in the case of Weber Basin Con-

1. Lehi Irrigation Co. v. Moyle, 4 Utah 327, 9 P. 867; Klinge v. Southern Pacific Co., 89 Utah 284, 57 P.2d 367, 105 A.L.R. 204; Beck v. Dutchman Coalition Mines Co., 2 Utah 2d 104, 269 P.2d 867.

servancy District v. Ward,[2] where we held that all factors, including enhancement of the value occasioned by the construction of the public project could be taken into consideration in determining market value of the property sought to be condemned.

We perceive no errors in the rulings of the court below which would justify reversal. Decision is affirmed. Costs to the respondent.

CROCKETT, C. J., and CALLISTER and ELLETT, JJ., concur.

HENRIOD, Justice (dissenting):

Respectfully I dissent.

The main opinion asserts that the question anent an additur as a condition for a new trial, is moot, because a new trial was granted. In my opinion there is no such mootness, but that the granting of a new trial based on such conditional additur is the most important factor in this case,— else the result would have been antithetical.

The additur maneuver, in my opinion, clearly is an invasion of the traditional and historical function of the jury, as is clearly expressed in Dimick v. Scheidt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150 (1935), which so far as I know, yet has not been reversed.

2. Weber Basin Conserv. Dist. v. Ward, 10 Utah 2d 29, 347 P.2d 862.