Joey R. GILHESPIE, a minor, by Arlene Gilhespie, his Guardian ad Litem,

v.

Martin DeJONG et al., Defendants and Respondents.

No. 13400.

Supreme Court of Utah.

March 27, 1974.

1. Peterson v. Fowler, 27 Utah 2d 159, 493 P. 2d 997 (1972).

2. Section 35–1–62, U.C.A.1953 (Replacement Vol. 4).

E. J. Skeen, of Skeen & Skeen, Salt Lake City, for plaintiff-appellant.

L. E. Midgley, Salt Lake City, for defendants-respondents.

CROCKETT, Justice:

Joey Gilhespie, age 10, (by his mother as guardian ad litem) sued to recover for a broken arm, injury to his eye, and various abrasions, which he suffered when his bicycle was struck by an automobile driven by defendant Deloris DeJong. Upon a plenary trial, a jury rendered a verdict against him, no cause of action, and judgment was entered thereon. He appeals claiming: (1) that the trial court erred in instructing the jury; and (2) that there was no sufficient evidence to support the jury verdict.

On the afternoon of September 4, 1968, the plaintiff was riding his bicycle easterly along the north side of 6100 South Street in Salt Lake County in the vicinity of Cedar Street (about First West). In-. volvement in play with other boys seems to have diverted his attention to some extent.[1] He swerved his bike at one of the boys, who jumped out of the way, and then turned his bike back into the street, into the path of the car of the defendant who was coming westward, (at a slow speed,

---

1. We recite the facts, as required by the standard rule of review, in the light favorable to the jury verdict. Memmott v. United States Fuel Co., 22 Utah 2d 356, 453 P.2d 155.

about ten miles per hour) which resulted in the collision.

■ Plaintiff argues that the trial court failed to submit his theory of the case in the instructions to the jury, i. e., that the defendant had a duty to see the plaintiff on his bicycle ahead of her on the highway, and that her negligence consisted in "failing to see the plaintiff in the path of defendant's car and to apply her brakes or swerve to avoid striking him." We agree with the doctrine advocated: that a party (plaintiff here) is entitled to have the jury instructed in accordance with his theory of his case.[2] But this does not mean that it must be given in the exact language chosen by him. The requirement is met if the basic idea contended for is explained to the jury in ordinary, concise and understandable language. This purpose was accomplished by Instruction No. 15 which included:

. . . she had the duty to use reasonable care to keep a proper lookout for other vehicles, persons and conditions, reasonably to be anticipated, and a duty to keep a lookout includes the duty to see and heed that which is plain to be seen.

The court also gave the plaintiff the benefit of an instruction on last clear chance.[3]

■ Plaintiff's second point is stated that "there is no substantial competent evidence to support the verdict of the jury." It is to be observed that this proposition misplaces the burden of proof. That is, it seems to assume that there must be substantial evidence to support the jury's refusal to find for the plaintiff; whereas, the burden was upon the plaintiff to make the proof to justify a verdict for him; and if the jury were not so persuaded by a preponderance of the evidence, they were not obliged to render such a verdict.[4] However, if this conflicting evidence is looked at from either point of view, there is an adequate basis therein upon which the jury could have reasonably believed that the defendant was not guilty of negligence, because she used ordinary and reasonable care under the circumstances and could not avoid striking the child; further, that they could have similarly believed that the child himself was guilty of negligence which contributed to cause his unfortunate injuries.[5]

■ This case falls within these pronouncements we have often made: that the parties appear to have had what they are entitled to: a full and fair opportunity to present their contentions, and the evidence supporting them, to the court and jury, and to have a verdict and judgment entered thereon. When this has been done, all presumptions are in favor of the validity of the verdict and judgment; and this court will not disturb them unless there is substantial and prejudicial error, absent which there is a reasonable likelihood that there would have been a different result.[6] We find no such error here.

Affirmed. Costs to defendant (respondent).

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.

2. See McDonald v. Union Pacific R. Co., 109 Utah 493, 167 P.2d 685, and authorities therein cited; and Startin v. Madsen, 120 Utah 631, 237 P.2d 834.

3. See Graham v. Johnson, 109 Utah 346, 166 P.2d 230; and discussion in Compton v. Ogden Union Ry. & Depot Co., 120 Utah 453, 235 P.2d 515.

4. See Smith v. Gallegos, 16 Utah 2d 344, 348, 400 P.2d 570 (1970) and cases cited therein.

5. As to contributory negligence of child, see Morby v. Rogers, 122 Utah 540, 252 P.2d 231.

6. Eager v. Willis, 17 Utah 2d 314, 410 P.2d 1003; and see Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822, and authorities cited therein.