Neil **JORGENSEN**, Plaintiff and Appellant,

v.

Allen **ISSA**, dba Allen's TV & Electronics, Defendant and Respondent.

No. 860012–CA.

Court of Appeals of Utah.

July 1, 1987.

---

Arthur H. Nielsen, Earl Jay Peck, Clark R. Nielsen, Nielsen & Senior, Salt Lake City, for plaintiff and appellant.

Ray Ivie, Provo, for defendant and respondent.

Before GREENWOOD, DAVIDSON and JACKSON, JJ.

## OPINION

GREENWOOD, Judge:

Plaintiff, Neil Jorgensen, brought an action against Allen Issa to recover damages incurred when plaintiff's tractor trailer overturned while rounding a curve on U.S. Highway 89 in Joseph, Utah. The jury found plaintiff and defendant each 50 percent negligent. On appeal plaintiff claims the trial court erred by refusing to allow a jury instruction that negligence might be subject to excuse or justification.

On December 28, 1981, plaintiff's son, Todd Jorgensen, was driving a tractor trailer loaded with approximately 287 sheep. As he rounded a curve in the road his tractor trailer overturned and slid on its side killing 150 sheep. At trial plaintiff claimed defendant was driving towards Todd straddling the center yellow line preparing to make a left turn. Plaintiff claims his son swerved to avoid defendant and the tractor trailer overturned. At trial the court gave instructions 12 [1] and 12A [2], addressing the reasonable person standard and the sudden emergency doctrine respectively. However, the jury was not given plaintiff's instruction 10, which stated as follows:

1. Instruction 12:

It was the duty of a driver of a vehicle to use reasonable care under the circumstances in driving his vehicle to avoid danger to himself and others and to observe and be aware of the condition of the highway, the traffic thereon, and other existing conditions; in regard, he was obliged to observe due care in respect to:

A. To use reasonable care to keep a lookout for other vehicles, or other conditions reasonably to be anticipated.

B. To keep his vehicle under reasonabley [sic] safe and proper control.

C. To drive at such speed as was safe, reasonable and prudent under the circumstances, having due regard to the width, surface and condition of the highway, the traffic thereon, the visibility, and any actual or potential hazards then existing.

D. To keep a lookout for persons or vehicles upon the highway, and whenever it appears to be reasonably necessary in the exercise of due care for the safety of others, to sound the horn, to warn others for their safety.

Failure to operate his vehicle in accordance with the foregoing requirements of the law would constitute negligence on his part.

2. Instruction 12A:

A person, who without negligence on his part, is suddenly and unexpectedly confronted with peril arising from either the actual presence or the appearance of imminent danger to himself or to others is not expected nor required to use the same judgment and prudence that may be required of him in calmer and more deliberate moments.

In such a situation, his duty is to exercise only the degree of care which an ordinary prudent person would exercise under the same or similar circumstances. If, at that moment, he exercises such care, he does all the law requires of him, even though in light of after-events, it might appear that a different choice and manner of action would have been better and safer.

If you find from a preponderance of the evidence that either driver in this case conducted himself in violation of any statute or duty I have read to you, then such conduct constituted negligence on his part.

A violation of such a statute or duty by a driver may be subject to justification or excuse if the driver's conduct can nevertheless be reasonably said to fall within the standard of reasonable care under the circumstances. The following facts may be considered in determining whether a driver is excused or justified in violating a statute or duty:

a. The driver is unable after reasonable diligence or care to comply with the statute or duty; or

b. He is confronted by an emergency which was not caused by his own misconduct; or

c. Compliance would involve a greater risk of harm to the driver or to others.

The sole issue on appeal is whether the trial court erred in failing to submit instruction 10 to the jury. A party is clearly entitled to have the jury instructed on his theory of the case. *Watters v. Querry*, 626 P.2d 455, 458 (Utah 1981); *Black v. Knight*, 562 P.2d 621, 622 (Utah 1977); *Hall v. Blackham*, 18 Utah 2d 164, 168, 417 P.2d 664, 666 (1966). Failure to give requested instructions is reversible error if it tends to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advises the jury on the law. *In re Estate of Kesler*, 702 P.2d 86, 96 (Utah 1985). However, it is not prejudicial error to fail to use specific instructions if the substance of the requested instructions is covered in the instructions given. *Stratton v. Nielsen*, 25 Utah 2d 124, 126, 477 P.2d 152, 153 (1970). The exact language need not be given but the basic theory espoused must be explained to the jury in ordinary, concise and understandable language. *Gilhespie v. DeJong*, 520 P.2d 878, 880 (Utah 1974).

In this case plaintiff's theory was that if the jury found Todd Jorgensen negligent by failing to keep the truck under reasonably safe and proper control, by driving too fast for the curve, or by failing to keep a lookout for other vehicles, that negligence was excused or justified when he was confronted with an emergency, i.e., defendant's vehicle straddling the center line. On appeal plaintiff contends that this theory was not adequately explained to the jury due to the judge's failure to read instruction 10 to the jury.

Plaintiff's contention fails for two reasons. First, it is well established that violation of a statute or ordinance is negligence per se which may be excused if the negligent actor is confronted with an emergency not his own fault. *Hall v. Warren*, 632 P.2d 848, 851 (Utah 1981); RESTATEMENT (SECOND) OF TORTS § 288A (1965). In order for plaintiff's excuse or justification theory to apply, a standard of safety set by statute or ordinance must have been violated. In this case, the jury was not instructed on and the facts do not indicate that plaintiff violated a statute or ordinance. The only statutory violation the jury was instructed on involved *defendant*. Second, instructions 12 and 12A gave the jury the appropriate standards for determining whether or not appellant was negligent. Instruction 12 describes the nonstatutory duty to "use reasonable care under the circumstances" and instruction 12A correctly states the sudden emergency doctrine. These instructions were sufficient to fairly and completely present appellant's theory of the case. The jury, pursuant to those instructions, apparently found that under the circumstances appellant was negligent in failing to *reasonably* keep his vehicle under control and/or maintain a *reasonably* safe speed. The finding of negligence took into account, as part of the circumstances, that appellant was suddenly confronted with defendant's vehicle straddling the center line.

Affirmed.

DAVIDSON and JACKSON, JJ., concur.