**Thomas J. DONOHUE, Plaintiff and Appellant,**

v.

**INTERMOUNTAIN HEALTH CARE, INC., Defendant and Respondent.**

**No. 20029.**

Supreme Court of Utah.

Dec. 31, 1987.

Jeffrey L. Silvestrini and Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Daniel S. Bushnell, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiff Donohue appeals from an order of the trial court granting defendant's motion for a new trial following entry of judgment on a jury verdict for plaintiff.

In September 1976, plaintiff was beaten and sustained severe injuries in a fight which occurred in Logan, Utah. He was taken from Logan to Intermountain Health Care's (IHC) McKay–Dee Medical Center in Ogden, Utah, where he was treated for those injuries by Dr. Cloyd Van Hook and members of the McKay–Dee staff. In 1978, plaintiff sued Van Hook and IHC, alleging that they were negligent in the treatment of his injuries.

The case was first tried to a jury in July 1981. This trial involved only defendant IHC. Defendant's counsel made three objections to remarks by plaintiff's counsel during his closing argument. In all three instances, the trial court sustained the objections and twice admonished the jury to disregard counsel's remarks. The jury rendered its verdict finding IHC negligent and awarding plaintiff damages in the amount of $100,000. In addition, the jury found no obligation on the part of plaintiff to pay for hospital services rendered by IHC to him.

Following entry of the judgment on the jury verdict, IHC brought a motion for new trial pursuant to rule 59 of the Utah Rules of Civil Procedure. IHC advanced basically three grounds in its motion. The trial court rejected two of the grounds but ordered a new trial on the ground that plaintiff's counsel's closing arguments were im-

proper and prejudicial. The court concluded that the arguments had not been corrected by the objections and admonitions which had been made.

Two more trials were held. A trial in June 1983 ended in a mistrial after three days because of the publication of a newspaper article which several of the jurors read. The last trial was held in April 1984 and resulted in a jury verdict in favor of defendants IHC and Van Hook. From the judgment entered on that verdict, plaintiff appeals, asserting that the granting of the new trial following the first trial constituted an abuse of discretion by the trial court and should be reversed.

 This Court has recognized that "[t]he trial judge has broad latitude in granting or denying a motion for a new trial, and will not be overturned on appeal absent an abuse of discretion." *Nelson v. Trujillo*, 657 P.2d 730, 731 (Utah 1982); *Amoss v. Bennion*, 30 Utah 2d 312, 517 P.2d 1008 (1973). The general rule concerning abuse of discretion is that "this [C]ourt will presume that the discretion of the trial court was properly exercised unless the record clearly shows the contrary." *Goddard v. Hickman*, 685 P.2d 530, 534–35 (Utah 1984) (quoting *State ex rel. Road Commission v. General Oil Co.*, 22 Utah 2d 60, 62, 448 P.2d 718, 719 (1968)).

 We have examined the record and find that plaintiff's arguments to which defendant objected were clearly improper. In at least one instance, plaintiff's counsel clearly attempted to appeal to the social or economic prejudices of the jury when he told them that "[i]t is an awesome—it is an awesome thing that you are being asked to do. In our system, a small, but an injured party, is allowed, through the jury system, to take on the strong and the mighty, and have an even chance of success." Earlier in his closing argument, counsel had said that suing IHC "is a little like suing Mother Nature in this community...."

Plaintiff's counsel also insinuated that he had made reasonable efforts to resolve the dispute before trial but that IHC had been unwilling. He argued, "It is a case that we really shouldn't be here. This is a case

that should have been resolved without coming to trial. But it just wasn't possible to do it. It is not my idea that we are here." Counsel's remarks appear motivated by a desire to stir up the jury emotionally against IHC. We have previously held that "pleas plainly designed to elicit sympathy or to inspire passion or prejudice should not be allowed." *Eager v. Willis*, 17 Utah 2d 314, 320, 410 P.2d 1003, 1007 (1966).

Counsel's improper comments could have prejudiced the jurors against IHC and caused them to render an inflated verdict. We are able to assess only the words as they appear in the record. The trial judge, on the other hand, was able to note other relevant factors such as counsel's gestures, inflection, and expressions, as well as the jury's reaction. Weighing all factors together, the trial court determined that a new trial was necessary to prevent a miscarriage of justice. Trial courts are in a much better position than are appellate courts to assess the overall effect of attorney misconduct at trial. The trial court had sufficient reason to believe that plaintiff's improper remarks prejudiced the jury and affected the result of the trial. "The proper remedy for prejudicial attorney misconduct is to order a new trial...." *Nelson v. Trujillo*, 657 P.2d at 734.

We find that the trial court did not abuse its discretion in granting defendant's motion for new trial.

Affirmed.

HALL, C.J., STEWART, Associate C.J., and DURHAM, J., concur.

ZIMMERMAN, J., concurs in the result.