YOUNG ELECTRIC SIGN COMPANY, a Utah corporation, Plaintiff and Appellant,

v.

UNITED STANDARD WEST, INC., a Utah corporation, and Rondo S. Harmon, Jr., an individual, Defendants and Respondents.

No. 20390.

Supreme Court of Utah.

June 2, 1988.

---

Robert D. Maack, Steven C. Magleby, Salt Lake City, for plaintiff and appellant.

Boyd Fullmer, Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff Young Electric Sign Company (YESCO) appeals a judgment that is in its favor on liability against defendants United Standard West, Inc. (USW), and Rondo S. Harmon, Jr., but that awards YESCO no damages.

In December 1978, YESCO and Harmon entered a lease agreement for a custom-made electric sign. The sign was manufactured by YESCO and delivered to USW. Harmon signed the agreement as president of USW, although, at that time, USW was not yet incorporated. The agreement provided that USW would make sixty monthly payments of $139, for a total of $8,340. The agreement contained the following liquidated damages provision:

6. DEFAULT: Lessee agrees that in the event it shall be in default in the payment of any rental when due, or shall fail to perform any other of its obligations hereunder, or bankruptcy, receivership, assignment for benefit of creditors or other insolvency proceedings are commenced by or against Lessee, Lessee shall, without notice, immediately be indebted to and hereby agrees to pay Lessor forthwith, in addition to the full rental for the period prior to the breach and for such time as Lessee shall retain possession of the SIGN, liquidated damages for its breach hereunder in an amount equal to three-fourths of the rental, including sales tax, payable hereunder for the balance of the term of this lease. The parties hereto agree that in such event, the said three-fourths of the balance of the rental payable hereunder is and will be fair and reasonable compensation for the damage to Lessor arising from such breach by Lessee.

. . . .

In the event this Agreement is placed by Lessor in the hands of an attorney at law for enforcement of collection, Lessee agrees to pay all collection costs, together with reasonable attorneys fees, including without limitation fees for the successful defense of any claim or any cross-claim.

During 1979, USW became delinquent on its payments under the contract. YESCO brought an action for damages against both USW and Harmon and sought dam-

ages under the liquidated damages provision.

At a pretrial conference, Harmon appeared personally and with counsel who represented both Harmon and USW. At the conference, Judge Sawaya stated:

The parties agreed and stipulated on the record in open court that the defendant corporation, United Standard West, Inc., had no defense to plaintiff's claims and that judgment should be rendered against the corporation as prayed in plaintiff's complaint.

The parties also stipulated that the only issue to be tried was the "liability of the individual defendant Rondo Harmon."

The case was tried before Judge Rigtrup. Harmon asserted that he was not personally liable to YESCO for the breach of contract because he had not signed the agreement. Judge Rigtrup found that Harmon had signed the agreement, that USW was not in existence when the agreement was signed, and that Harmon was personally liable to YESCO. The court also held that the pretrial conference ruling was binding only upon USW and that YESCO had the burden of proving damages against Harmon, but had not done so.

YESCO adduced evidence that the direct out-of-pocket cost of the USW sign totaled $1,787.76. The evidence also showed that the cost of YESCO's signs was marked up 220 percent to cover sales commissions, general and administrative expenses, and profit. The marked-up price is the basic retail price for the sign, to which is added the cost of insurance, service and maintenance, property taxes, and interest for the term of the lease. That sum is then divided by the term of the lease, in this case 60 months, to determine the monthly payment figure, here $139. The evidence also established that there is not much of a secondary market for used signs. Judge Rigtrup held that this evidence was insufficient to show that YESCO's actual damages bore a reasonable relationship to the liquidated

damages allowed under the contract and therefore denied YESCO damages against Harmon.

On appeal, YESCO asserts that under the doctrine of the law of the case and privity of judgment it was entitled to an award of damages against Harmon. YESCO also argues that the trial judge erred in ruling that YESCO had to prove actual damages. We decide the case on the latter point because it is dispositive and therefore need not address the first two points.

In general, contractual damages are measured by the lost benefit of the bargain, i.e., by "the amount necessary to place the nonbreaching party in as good a position as if the contract had been performed." *Alexander v. Brown*, 646 P.2d 692, 695 (Utah 1982). However, as a general rule, parties to a contract may agree to liquidated damages in the case of a breach, and such agreements are enforceable if the amount of liquidated damages agreed to is not disproportionate to the possible compensatory damages and does not constitute a forfeiture or a penalty. *Madsen v. Anderson*, 667 P.2d 44, 47 (Utah 1983). Reasonable liquidated damages provisions may reduce the cost of litigation by obviating the expense entailed in proving actual damages. If a liquidated damages provision is enforceable, a plaintiff need not prove actual damages. *Robbins v. Finlay*, 645 P.2d 623, 627 (Utah 1982); *see* 5 *Corbin on Contracts* § 1062 (1964); 5 *Williston on Contracts* § 783 (3d ed. 1961). *See generally United States v. Bethlehem Steel Co.*, 205 U.S. 105, 119, 27 S.Ct. 450, 455, 51 L.Ed. 731 (1907); *United States v. Le Roy Dyal Co.*, 186 F.2d 460, 462 (3d Cir.1950), *cert. denied*, 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1357 (1951). The burden is on the party who would avoid a liquidated damages provision to prove that no damages were suffered or that there is no reasonable relationship between compensatory and liquidated damages.[1] *See In re United Merchants and Manufacturers,*

---

1. Some courts place the burden of proof on the party seeking to invoke the liquidated damages provision. *See McCarthy v. Tally*, 46 Cal.2d 577, 297 P.2d 981 (1956); *Morgen and Oswood Const.*

*Co. v. Big Sky of Mont.*, 171 Mont. 268, 557 P.2d 1017 (1976); *Waggoner v. Johnston*, 408 P.2d 761 (Okla.1965).

*Inc.,* 674 F.2d 134 (2d Cir.1982); *McEnroe v. Morgan,* 106 Idaho 326, 678 P.2d 595 (App.1984); *Illingworth v. Bushong,* 61 Or. App. 152, 656 P.2d 370 (1982), *aff'd,* 297 Or. 675, 688 P.2d 379 (1984).

 Harmon did not assert or prove that liquidated damages were unreasonably disproportionate to compensatory damages. Nor was there anything in the contract providing for how the liquidated damages would be computed that indicated that the formula would provide an unreasonable result. In fact, the evidence at trial was that if the contract had been performed as agreed, YESCO would have realized a total of $8,340 and, under the benefit-of-the-bargain rule, could have recovered the full contract price, less the current value of the sign and the time value of the payments. The contractual remedy of 75 percent of the remaining payment balance, which in this case was $5,446.63, is not disproportionate to the damages actually sustained. Indeed, this Court recognized the validity of this very liquidated damages provision in *Young Electric Sign Co. v. Vetas,* 564 P.2d 758 (Utah 1977).

Accordingly, we conclude that the trial court erred in requiring plaintiff to prove actual damages and hold that the liquidated damages provision should have been applied.

The judgment of the trial court is reversed and the case is remanded for entry of judgment in favor of YESCO for damages as provided by the liquidated damages provision of the contract and for attorney fees as provided therein.

HALL, C.J., HOWE, Associate C.J., DURHAM, J., and BENCH, J., Court of Appeals concur.

ZIMMERMAN, J., having disqualified himself, does not participate herein; BENCH, Court of Appeals Judge, sat.