**Gary KNAPSTAD, Plaintiff and Respondent,**

v.

**SMITH'S MANAGEMENT CORPORATION, Defendant and Appellant.**

No. 870555-CA.

Court of Appeals of Utah.

May 17, 1989.

James R. Hasenyager (argued), Marn H. Gould, Ogden, for plaintiff and respondent.

James A. Murphy (argued), Christopher A. Tolboe, Murphy, Tolboe & Mabey, Salt Lake City, for defendant and appellant.

Before BILLINGS, GARFF and GREENWOOD, JJ.

OPINION

GARFF, Judge:

Defendant appeals a jury verdict finding it negligent and liable for plaintiff's injury.

On September 26, 1982, at approximately 1:45 a.m., plaintiff, Gary Knapstad, left a bar in Roy, Utah and jogged across defendant's adjacent parking lot toward defendant's store. Plaintiff tripped over a tipped-over "no parking" sign and seriously injured his knee, requiring surgery.

At the time of plaintiff's fall, the store was open and there was adequate light in the parking lot. The sign plaintiff tripped over was normally placed just in front of the store, along with several barrels, to prevent customers from parking in the fire lane.

At trial, plaintiff's expert testified that the sign's construction posed a potential tripping hazard. He stated that it should have been a different color and should have been permanently attached to the store's exterior wall rather than being free-standing. To reach these conclusions, the expert referred to various safety standards, including both federal and state Occupational Safety and Health Act (OSHA) regulations.

Before closing arguments, defendant's counsel objected to the trial court's instructions, stating, "You've used in the last paragraph, second page of your long instruction, that the sign was negligently constructed. It had nothing to do with the construction of the sign." The trial court overruled defendant's objection and proceeded with its instructions, which incorporated some of the OSHA standards. The jury found defendant negligent and awarded plaintiff $22,855 in damages.

Defendant moved for judgment notwithstanding the verdict and, alternatively, for a new trial on the grounds that there was insufficient evidence to support the jury verdict and that the instructions stated an

improper negligence standard. The trial court denied the motion and defendant brought this appeal.

Defendant argues on appeal that, among other things, the trial court committed reversible error when it based its instructions to the jury on a statutory standard of care inapplicable under the circumstances of this case.

In his brief, plaintiff stated his theory of negligence as, "[i]t is settled law in Utah that when a defendant creates or is responsible for a dangerous condition on his property that (sic) notice of this condition is imputed to him and need not be proven." Plaintiff relies on *Long v. Smith Food King Store*, 531 P.2d 360 (Utah 1973) for this proposition.

In support of his theory that defendant's sign was inherently dangerous, plaintiff's expert particularly relied upon, and, in some instances, read from portions of both federal and state OSHA regulations, referring to them as the "code." At one point, he testified that the sign was a "blatant violation of the code." Although the trial court acted within its discretion in allowing plaintiff's expert to refer to OSHA standards in supporting his opinion that defendant's sign was inherently dangerous, *see* Utah R.Evid. 703, the question remains as to whether the court erred in basing the jury instructions on the standard of care implied from the OSHA statutes.

Whether the trial court properly instructed the jury is a question of law. *Mikkelsen v. Haslam*, 764 P.2d 1384, 1387 (Utah Ct.App.1988). We, therefore, review the trial court's instructions for correctness only, giving them no particular deference. *See Id.*

■■■ Generally, the violation of a safety standard set by a statute may constitute negligence, but only if the party claiming such negligence is a member of the class of persons whom the statute was intended to protect. *See Hall v. Warren*, 632 P.2d 848, 850 (Utah 1981).[1] The Utah OSHA was enacted to provide a safe work environment for *employees* in the state. Utah Code Ann. § 35–9–2 (1988). Likewise, the Federal OSHA states that it is not intended to affect the common law standard of liability in the workplace. 29 U.S.C. § 653(b)(4) (1985). Referring to section 653(b)(4), the Sixth Circuit stated:

> To use OSHA regulations to establish whether a product is unreasonably dangerous is thus improper. If knowledge of the regulations leads the trier of fact to find a product defective, the effect is to impermissibly alter the civil standard of liability. If, on the other hand, knowledge of the regulations does not affect a result the trier of fact would have reached even without the knowledge, the regulations serve no purpose and their discussion is simply a waste of time. We do not mean to suggest that OSHA regulations can never be relevant in a product liability case, but OSHA regulations can never provide a basis for liability because Congress has specified that they should not.

*Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir.1985) (emphasis added). *Minichello* further states that "OSHA regulations pertain only to employers' conduct." *Id.; see also McKinnon v. Skil Corp.*, 638 F.2d 270, 275 (1st Cir.1981); *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 709 (5th Cir.1981). Plaintiff was not employed by defendant and, thus, is not a member of the class of persons protected by OSHA statutes. Plaintiff is, therefore, not entitled to a jury instruction based on the OSHA regulation.

The instructions given at trial rely heavily on the expert testimony that the sign violated OSHA standards because it was the wrong color, improperly constructed, and not attached to the store wall. Instruction No. 16 states, in relevant part, that: "[i]f you find ... that the sign was negligently constructed so as to be defective as to its size, weight, or shape, and/or as to its color, or that it should have been

1. To invoke a safety standard set by statute, a party must show: (1) the existence of the statute or ordinance; (2) that the statute or ordinance was intended to protect the class of persons which includes the party; (3) that the protection is directed toward the type of harm which has, in fact, occurred as a result of the violation; and (4) that the violation of the ordinance or statute was a proximate cause of the injury complained of. *Id.* at 850.

placed upon a wall, then you go on to the next interrogatory." In the same instruction, the trial court further advised the jury that "[c]ertainly if the sign were required to be on the wall, the alleged trip would not have occurred."

These instructions are clearly improper because they tend to lead the jury to believe that a violation of OSHA regulations, applicable only in the context of the workplace, constitutes negligence on defendant's part. An instruction is improper and results in reversible error if "it 'tends to mislead the jury to the prejudice of the complaining party or insufficiently or erroneously advises the jury on the law.' " *Steele v. Breinholt*, 747 P.2d 433, 435 (Utah Ct.App.1987) (quoting *Jorgensen v. Issa*, 739 P.2d 80, 82 (Utah Ct.App.1987)). The instructions erroneously advised the jury on the law in regard to the standard of care, and so prejudiced defendant.

We reverse the judgment and remand for further proceedings consistent with this opinion.

BILLINGS and GREENWOOD, JJ., concur.